STATE OF NORTH CAROLINA v. CLEVELAND RANSOM

No. 8612SC33

(Filed 20 May 1986)

**Criminal Law § 138.11— remand—stiffer sentence improper—method of consolidating convictions changed—no error**

    While N.C.G.S. § 15A-1335 prohibits trial courts from imposing stiffer sentences upon remand than originally imposed, nothing prohibits the trial court from changing the way in which it consolidated convictions during a sentencing hearing prior to remand.

APPEAL by defendant from *Herring, Judge*. Judgments entered 19 July 1985 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 7 May 1986.

Defendant was indicted on twenty counts of breaking or entering and twenty counts of larceny. He pled guilty to thirteen counts of breaking or entering and thirteen counts of larceny. The remaining counts were dismissed. The trial court consolidated all the charges for the purpose of sentencing. The trial court found as an aggravating factor that defendant had a prior conviction for a criminal offense punishable by more than 60 days confinement. The trial court found no mitigating factors and sentenced defendant to twenty years confinement on 21 March 1984.

On 29 March 1984 the State made a motion for appropriate relief on the grounds that the trial court intended to consolidate the bills of indictment rather than the offenses for sentencing. On 16 April 1984 the trial court found patent error in the judgment of 21 March 1984 and struck that judgment. The court then consolidated the breaking or entering charges and sentenced defendant to ten years imprisonment, and consolidated the larceny charges and sentenced defendant to another ten year prison term to begin at the expiration of the first ten-year term.

Defendant appealed and this Court reversed in an opinion reported as *State v. Ransom*, 74 N.C. App. 716, 329 S.E. 2d 673 (1985). This Court held that the trial court was without jurisdiction to grant the State's motion for appropriate relief and that the original sentence was in error because it consolidated crimes punishable by a maximum sentence of ten years yet sentenced defendant to twenty years in violation of G.S. 15A-1340.4(b). Upon remand, the superior court sentenced defendant to three years imprisonment for each of five pairs of breaking or entering and larceny convictions. The court consolidated the remaining eight breaking or entering convictions and the remaining eight larceny convictions and sentenced defendant to one more three year prison term. From denial of defendant's motion to limit the sentence imposed to ten years and denial of defendant's motion for appropriate relief, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Sueanna P. Peeler, for the State.*

*Beaver, Thompson, Holt & Richardson, P.A., by F. Thomas Holt, III, for defendant, appellant.*

HEDRICK, Chief Judge.

Defendant contends that G.S. 15A-1335 and G.S. 15A-1340.4 prohibited the trial court from sentencing defendant to more than ten years imprisonment. G.S. 15A-1335, which generally embodies the holding in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed. 2d 656 (1969), provides as follows:

> When a conviction or sentence imposed in superior court has been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence less the portion of the prior sentence previously served.

G.S. 15A-1340.4(b) describes the three sets of circumstances under which a trial judge may impose a sentence other than the presumptive sentence. Under G.S. 15A-1340.4(b) a trial court may impose a sentence other than the presumptive term when convictions are consolidated for judgment as long as the sentence imposed does not exceed the total of the presumptive terms for each felony consolidated, does not exceed the maximum term for the most serious felony consolidated and is not shorter than the presumptive term for the most serious felony consolidated.

Defendant contends he may not be sentenced to more than ten years imprisonment because all of his convictions were consolidated during the first sentencing hearing and the maximum term for the most serious felony consolidated was ten years. Defendant raises the issue of whether the trial court is bound by its decision to consolidate convictions for sentencing when a case is reversed and remanded for resentencing.

While G.S. 15A-1335 prohibits trial courts from imposing stiffer sentences upon remand than originally imposed, nothing prohibits the trial court from changing the way in which it consolidated convictions during a sentencing hearing prior to remand. Defendant was originally given a twenty year prison

sentence. After the twenty year sentence was overturned, defendant was sentenced to six three-year prison sentences or a total of eighteen years imprisonment. We hold that the trial court did not err in changing the way defendant's convictions were consolidated and that the sentence imposed does not violate G.S. 15A-1335. Defendant's assignments of error are overruled.

Affirmed.

Judges EAGLES and COZORT concur.