STATE OF NORTH CAROLINA v. DAVID HARRIS, AKA DAVID TEASLEY

No. 939SC595

(Filed 7 June 1994)

1. **Criminal Law § 975 (NCI4th)— expiration of time for appeal—trial court's ruling reviewable by certiorari**

Defendant had no right to appeal from a motion for appropriate relief brought pursuant to N.C.G.S. § 15A-1415(b)(3) when the time for appeal from the conviction had expired and no appeal was pending; rather, the trial court's ruling on defendant's motion for appropriate relief was reviewable only by writ of certiorari.

**Am Jur 2d, Coram Nobis and Allied Statutory Remedies § 60.**

2. **Criminal Law § 1680 (NCI4th)— defendant resentenced— correction in way cases consolidated—no error**

The trial court did not err in resentencing defendant in accordance with his original plea agreement after his original sentence was set aside, since nothing in N.C.G.S. § 15A-1335 prohibits a trial court from correcting the way in which it consolidated offenses during a sentencing hearing prior to remand.

**Am Jur 2d, Criminal Law § 580.**

3. **Criminal Law § 1680 (NCI4th)— defendant sentenced to less than presumptive term—no violation of N.C.G.S. § 15A-1335**

*State v. Hemby*, 333 N.C. 331, does not apply to situations in which a defendant is sentenced to less than the presumptive term.

**Am Jur 2d, Criminal Law § 580.**

4. **Criminal Law § 933 (NCI4th)— judgment amended by court on its own motion—judgments facially invalid**

The trial court had jurisdiction to amend the judgment on its own motion in consolidated cases, even though defendant's motion for appropriate relief attacked one particular judgment concerning the facially invalid habitual felon charge, since both judgments were the result of defendant's negotiated plea agreement and were part of a single sentencing transaction; at any time a defendant would be entitled to relief by a motion for appropriate relief, the court may grant such relief upon its own motion; if a judgment or sentence is invalid as a matter of law, defendant is entitled to relief by a motion for appropriate relief; and both judgments were finally invalid because they both listed habitual felon as a substantive offense. N.C.G.S. § 15A-1420(d).

**Am Jur 2d, Coram Nobis and Allied Statutory Remedies §§ 44 et seq.**

On defendant's writ of certiorari from judgment signed 22 April 1993 by Judge B. Craig Ellis in Franklin County Superior Court. Heard in the Court of Appeals 1 March 1994.

STATE v. HARRIS

[115 N.C. App. 42 (1994)]

On 29 April 1991 and 24 June 1991, defendant was indicted on nine counts of felonious breaking and entering in violation of G.S. 14-54, nine counts of felonious larceny in violation of G.S. 14-72, four counts of felonious possession of stolen goods in violation of G.S. 14-71.1, one count of felonious possession of cocaine in violation of G.S. 90-95 and one count of being an habitual felon in violation of G.S. 14-7.1.

These cases came on for trial at the 29 July 1991 Criminal Session of the Franklin County Superior Court. As a result of plea negotiations, defendant signed two handwritten informations prepared by the Assistant District Attorney. In case number 91 CRS 999, the information added the charge of habitual felon to one of the charges of felonious possession of stolen goods (91 CRS 999) originally alleged in the indictment. In case number 3555, the information also charged the defendant with being an habitual felon but it listed the same three convictions as listed in the original habitual felon indictment. Defendant's plea agreement with the State provided:

> The defendant shall plead to two counts of habitual felon. He shall receive 14 years for the first habitual felon. The second habitual felon will run at the expiration of the 14 years. He shall receive 14 years for the second habitual felon. All other charges will be consolidated for judgment. All current charges pending in Granville County will be allowed to run concurrently if the defendant pleads to these charges.

The trial court accepted defendant's plea and imposed a 14 year sentence in case number 91 CRS 3555 for the offense of habitual felon, G.S. 14-7.1. The trial court consolidated all of the indictments returned by the Grand Jury with case number 91 CRS 999 and imposed an additional 14 year sentence to run consecutively to the sentence imposed in case number 91 CRS 3555. Defendant did not appeal.

On 1 December 1992, defendant moved for appropriate relief pursuant to G.S. 15A-1415(b)(3) from the sentence imposed in 91 CRS 3555. Defendant requested that the sentence imposed in 91 CRS 3555 be set aside because habitual felon is not a substantive crime that will support a criminal sentence by itself. At the hearing on defendant's motion on 19 April 1993, the evidence tended to show the following: The habitual felon charge in 91 CRS 3555 was intended to be ancillary to a felonious possession of stolen goods charged in the indictment in 91 CRS 999. The charge of habitual felon alleged in the

indictment in 91 CRS 3028 was intended to be ancillary to another felonious possession of stolen goods charged in the indictment in 91 CRS 1558.

The trial court concluded the following in open court:

The Court concludes as a matter of law, that the judgment contained in 91 CRS 3555 was in error in that it purports to set forth habitual felon as a substantive offense and not as an enhancing mechanism.

The Court also finds as a fact that the judgment contained in 91 CRS 999 . . . also contains habitual felon as a substantive offense.

The Court notes that all of the judgments in those cases were consolidated; that the maximum sentence was [sic] for each is ten years, and the judgment itself carries a fourteen year sentence.

This Court is of the opinion it could not do what is on that judgment without one of the offenses having been enhanced as a habitual felon.

The Court finds that each of the judgments purports to set forth habitual felon as a substantive offense, and that the judgment should be set aside.

The trial court then ordered that the judgments in both 91 CRS 999 and 91 CRS 3555 be set aside. Following a resentencing hearing, the trial court removed the charges alleged in 91 CRS 999 from its consolidation with the other offenses and consolidated it with the offenses alleged in the habitual felon information (91 CRS 3555). The trial court then resentenced defendant to two consecutive fourteen year terms in accordance with the original plea agreement. Defendant appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General Jeffrey P. Gray, for the State.*

*North Carolina Prisoner Legal Services, by J. Phillip Griffin, for defendant-appellant.*

EAGLES, Judge.

Defendant contends that the trial court erred in resentencing defendant to a more severe sentence than the sentence originally

imposed and set aside. Defendant also contends that the trial court had no jurisdiction to set aside the judgment in 91 CRS 999 and consolidate it with the habitual felon information (91 CRS 3555). We affirm.

**[1]** We first address the State's contention that defendant's appeal should be dismissed. Defendant appealed the trial court's ruling on defendant's motion for appropriate relief. The State contends that defendant has no right to appeal from a motion for appropriate relief brought pursuant to G.S. 15A-1415(b)(3) when the time for appeal has expired and no appeal is pending. We agree. G.S. 15A-1422(c)(3) provides that "The court's ruling on a motion for appropriate relief pursuant to G.S. 15A-1415 is subject to review: . . . (3) If the time for appeal has expired and no appeal is pending, by writ of certiorari." Here, defendant filed his motion for appropriate relief over a year and four months after his conviction. Defendant did not appeal his original sentence and his time to appeal that sentence has expired. Accordingly, the trial court's ruling on defendant's motion for appropriate relief is reviewable only by writ of certiorari. G.S. 15A-1422(c)(3). However, pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure, we treat defendant's appeal now as a petition for a writ of certiorari and address the merits.

I.

**[2]** Defendant contends that the trial court erred in resentencing defendant by imposing a sentence greater than the sentence it set aside. G.S. 15A-1335 provides:

> When a conviction or sentence imposed in superior court has been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence less the portion of the prior sentence previously served.

Defendant argues that he received a 14 year sentence for all of the consolidated offenses in one of the judgments. Defendant contends that when the trial court removed 91 CRS 999 from the consolidated offenses and imposed the same fourteen year sentence with one less offense, defendant received a greater sentence on those consolidated offenses than originally imposed in the first sentencing hearing in violation of G.S. 15A-1335. We disagree. Nothing in G.S. 15A-1335 prohibits a trial court from correcting the way in which it

consolidated offenses during a sentencing hearing prior to remand. *State v. Ransom*, 80 N.C. App. 711, 713, 343 S.E.2d 232, 234 (1986). Defendant relies on *State v. Hemby*, 333 N.C. 331, 426 S.E.2d 77 (1993). We are not persuaded.

In *Hemby*, the defendant was convicted on eight indictments each charging one count of dissemination of obscene material, G.S. 14-190.1(a), and one count of possession of obscene material with intent to disseminate, G.S. 14-190.1(e). At the original sentencing hearing, the trial court consolidated the eight indictments into three groups. For indictments A, B and C, the defendant received a term of three years imprisonment. For indictments D, E and F, the defendant received another three year term to run consecutively to the first term. Finally, for indictments G and H, the trial court sentenced defendant to a term of two years to run consecutively to the first two sentences. In sum, defendant received a total of eight years imprisonment for the eight indictments.

Upon remand from this court in *State v. Hemby*, 97 N.C. App. 333, 388 S.E.2d 638 (1990), for resentencing, the trial court arrested judgment on indictments C, E, and F pursuant to this court's ruling in *Hemby*. The trial court then noted that indictments G and H were not subject to resentencing since they had been upheld on appeal. Of the eight indictments, only A, B and D remained for resentencing.

The trial court found aggravating factors and sentenced the defendant to three years imprisonment on indictment D. The trial court consolidated indictments A and B and sentenced the defendant to another three years imprisonment to run consecutively to the first sentence. Accordingly, the defendant in *Hemby* was resentenced to six years imprisonment for the three remaining indictments (A, B and D) when he had only been sentenced to a total of three years for those three indictments originally.

Our Supreme Court held that defendant's resentencing in *Hemby* violated G.S. 15A-1335 because defendant's new sentence of imprisonment was for a longer period on indictments A, B and D than he received at the original sentencing hearing. The Court stated:

> At resentencing, after the trial court arrested judgment on three of defendant's indictments, only three indictments, A, B and D, remained for resentencing, A and B having initially been consolidated in group one, and D in group two. When the trial court again consolidated indictments A and B for sentencing in group

one, no more than two years' imprisonment could be imposed without exceeding the sentence originally imposed on these indictments. When the trial court imposed a new sentence of three years, the sentence was more severe than the original sentence on these indictments.

*State v. Hemby*, 333 N.C. 331, 336, 426 S.E.2d 77, 80 (1993). With respect to indictment D, the Court further stated:

> The trial court's error at resentencing is even more apparent for indictment D. At the original sentencing this indictment was consolidated with indictments E and F, and the trial court imposed a three-year sentence. At resentencing only one of the three originally consolidated indictments remained; yet defendant was given a new sentence of three years on this indictment. This new sentence on this indictment was more severe than the one-year sentence originally attributed to the same indictment.

*Id.* at 337, 426 S.E.2d at 80. We conclude that *Hemby* does not control here. In *Hemby*, the trial court on resentencing found aggravating factors and imposed sentences on indictments A, B and D greater than the presumptive terms for those offenses. Dissemination of obscene material, G.S. 14-190.1(a), and possession of obscene material with intent to disseminate, G.S. 14-190.1(e), are both Class J felonies with presumptive terms of one year each. When the trial court in *Hemby* resentenced defendant to a three year term for indictments A and B and a consecutive three year term for indictment D, the trial court imposed sentences of greater than the presumptive sentence of one year on each indictment.

[3] Here, defendant was sentenced to two counts of possession of stolen goods while being an habitual felon. Habitual felon status is a Class C felony with a presumptive term of fifteen years. Defendant was sentenced to a fourteen year term for each habitual felon charge, one year less than the presumptive term. G.S. 15A-1444(a1) provides that:

> A defendant who has . . . entered a plea of guilty or no contest to a felony is entitled to appeal as a matter of right the issue of whether his sentence is supported by evidence introduced at the trial and sentencing hearing only if the prison term of the sentence exceeds the presumptive term set by G.S. 15A-1340.4, and if the judge was required to make findings as to aggravating or mitigating factors pursuant to this Article.

G.S. 15A-1444(a1) (emphasis added). We conclude that *Hemby* does not apply to situations in which a defendant is sentenced to less than the presumptive term.

Although the trial court in *Hemby* consolidated the eight indictments for sentencing, the *Hemby* trial court essentially sentenced the defendant to one year imprisonment on each indictment. The *Hemby* Court stated:

> It seems clear that the trial court intended to impose a sentence of one year on each indictment and, pursuant to N.C.G.S. § 15A-1340.4(a)(i), to total these sentences when it consolidated the indictments for sentencing purposes. We conclude, further, that when indictments or convictions with equal presumptive terms are consolidated for sentencing without the finding of aggravating or mitigating circumstances, and the terms are totaled to arrive at the sentence, nothing else appearing in the record, the sentence, for purposes of appellate review, because of the provisions of N.C.G.S. § 15A-1340.4(a), will be deemed to be equally attributable to each indictment or conviction.

*Hemby*, 333 N.C. 331, 336, 426 S.E.2d 77, 80 (1993).

Here, it appears that the trial court at the original sentencing hearing did not total the presumptive terms of each of the consolidated offenses to arrive at defendant's sentence. At defendant's original sentencing hearing, the following offenses were consolidated for judgment: 1) 9 counts of felonious breaking, entering, and larceny, G.S. 14-54 and G.S. 14-72, 2) 3 counts of possession of stolen goods, G.S. 14-54 and G.S. 14-72, 3) 1 count of possession of cocaine, G.S. 90-95, and 4) 1 count of habitual felon, G.S. 14-7.1. The presumptive term for each of these offenses is three years except for habitual felon which carries a presumptive term of 15 years. If the trial court here had totaled the presumptive terms of the consolidated offenses, defendant would have been sentenced to 39 years imprisonment. However, defendant was sentenced to fourteen years imprisonment as an habitual felon. Accordingly, we conclude that the remaining consolidated offenses were not responsible for defendant's sentence. Since the other consolidated offenses were not responsible for defendant's sentence, defendant was not given a greater sentence on those offenses when he was again given a fourteen year sentence on resentencing although one of the substantive offenses which carried a presumptive sentence of three years (91 CRS 999) had been removed.

Finally, we note that defendant's original sentence was the result of a negotiated plea agreement. Defendant agreed to plead to two counts of being an habitual felon for which he would receive two consecutive fourteen year sentences. Considering that defendant's exposure was 39 years for the presumptive sentence, defendant's counsel negotiated a genuine bargain. When the trial court determined that an administrative error had been made on the judgments, the trial court merely corrected the error and resentenced defendant in compliance with his original plea agreement. Accordingly, we conclude that the trial court did not err in resentencing defendant.

## II.

**[4]** Defendant also contends that the trial court erred in amending the judgment in cases consolidated under 91 CRS 999. We disagree.

Defendant contends that the trial court did not have jurisdiction to amend the judgment in the cases consolidated in 91 CRS 999 because defendant's motion for appropriate relief only attacked the judgment concerning the facially invalid habitual felon charge (91 CRS 3555). However, both judgments were the result of defendant's negotiated plea agreement and were part of a single sentencing transaction. G.S. 15A-1420(d) provides that "At any time that a defendant would be entitled to relief by a motion for appropriate relief, the court may grant such relief upon its own motion." *See also, State v. Oakley,* 75 N.C. App. 99, 103, 330 S.E.2d 59, 63 (1985). If a judgment or sentence is invalid as a matter of law, the defendant is entitled to relief by a motion for appropriate relief. G.S. 15A-1415(8). At the hearing on defendant's motion for appropriate relief, the trial court made the following findings of fact and conclusions of law:

> The Court concludes as a matter of law, that the judgment contained in 91 CRS 3555 was in error in that it purports to set forth habitual felon as a substantive offense and not as an enhancing mechanism.

> The Court also finds as a fact that the judgment contained in 91 CRS 999 . . . also contains habitual felon as a substantive offense.

> . . . .

> The Court finds that each of the judgments purports to set forth habitual felon as a substantive offense, and that the judgment[s] should be set aside.

Accordingly, the trial court found that both judgments were facially invalid because they both listed habitual felon as a substantive offense. Habitual felon status standing alone will not support a criminal sentence. *State v. Penland*, 89 N.C. App. 350, 351, 365 S.E.2d 721, 722 (1988). The trial court had jurisdiction under G.S. 15A-1420(d) to amend both judgments on its own motion. Accordingly, we conclude that the trial court did not err in amending the judgment in the cases consolidated under 91 CRS 999.

### III.

For the reasons stated, we affirm the judgment of the trial court.

Affirmed.

Judges MARTIN and McCRODDEN concur.