STATE OF NORTH CAROLINA Plaintiff-appellant v. JOHN WESLEY OLIVER and GEORGE MOORE, Defendant-appellees

No. COA02-177

(Filed 31 December 2002)

**Sentencing— first-degree murder—replacement of death sentences with consecutive life sentences**

The trial court did not violate N.C.G.S. § 15A-1335 in a first-degree murder case by imposing consecutive life sentences as a replacement for one defendant's concurrent death sentences and the other defendant's death sentence with a second life sentence to run consecutively to the life sentence originally entered, because: (1) N.C.G.S. § 15A-1335 does not prohibit the trial court's replacement of concurrent sentences with consecutive sentences provided neither the individual sentences, nor the aggregate sentence, exceeds that imposed at the original sentencing hearing; and (2) any number of life sentences, even if imposed consecutively, cannot be considered a greater sentence than even one death sentence since the penalty of death is qualitatively different from a sentence of imprisonment, however long.

Appeal by defendants from judgments entered 8 November 2001 by Judge Jack A. Thompson in Robeson County Superior Court. Heard in the Court of Appeals 16 October 2002.

*Attorney General Roy Cooper, by Assistant Attorney General John G. Barnwell, for the State.*

*Robert P. Mosteller, Duke University School of Law, for defendant-appellants.*

BIGGS, Judge.

Defendants each appeal from the imposition of consecutive sentences of life imprisonment. The relevant facts may be summarized as follows: In 1979, following a joint trial, defendants were convicted of the first degree murder and armed robbery of Allen Watts and Dayton Hodge. Oliver received death sentences for each of the murders. Moore was sentenced to death for Watts' murder, and to life imprisonment for Hodge's murder. The trial court did not indicate in its judgment whether these sentences were to run concurrently or consecutively. On appeal, the North Carolina Supreme Court affirmed the defendants' convictions of all offenses, and the sentence of life imprisonment imposed on Moore. However, the Court vacated the death sentences imposed on both defendants, and remanded for a new sentencing hearing. *State v. Oliver*, 302 N.C. 28, 274 S.E.2d 183 (1981). On remand, the jury again recommended death sentences for both defendants, and the trial court sentenced Oliver to two death sentences, and sentenced Moore to death for Watts' murder. Defendants once again appealed these sentences. The North Carolina Supreme Court affirmed the death sentence imposed on Oliver for Hodge's murder, vacated the death sentences imposed on each defendant for the killing of Watts, and remanded for a third sentencing hearing. *State v. Oliver*, 309 N.C. 326, 307 S.E.2d 304 (1983). The State scheduled the new resentencing for November, 2001. In the interim, defendant Oliver pursued a motion for appropriate relief (MAR), and in 1994, following a hearing on his MAR, the trial court vacated the death sentence that Oliver received for killing Hodge.

At the November, 2001 resentencing, the State elected not to pursue the death penalty, leaving life imprisonment as the only permissible penalty for defendants' convictions of first degree murder. *See* N.C.G.S. § 14-17 (2001). The court sentenced defendant Oliver to two sentences of life imprisonment to run consecutively, and defendant Moore to a sentence of life imprisonment, to run consecutively to

the life sentence he was already serving. Thus, each defendant was sentenced to consecutive life sentences. Defendants again appeal.

---

The sole issue raised on appeal is whether the trial court erred by imposing consecutive, rather than concurrent, sentences of life imprisonment. Defendants contend that their original sentences were imposed concurrently, and that, therefore, the trial court's imposition of consecutive sentences on remand violated N.C.G.S. § 15A-1335 (2001). We conclude that, irrespective of whether their original death sentences were concurrent or consecutive, the court did not violate the statute by entering consecutive life sentences on remand.

N.C.G.S. § 15A-1335 provides that:

When a conviction or sentence imposed in superior court has been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence less the portion of the prior sentence previously served.

*See State v. Holt,* 144 N.C. App. 112, 117, 547 S.E.2d 148, 152 (2001) ("life sentence on resentencing exceeds [defendant's] original sentence of 196 to 245 months, and thus violates § 15A-1335"). When multiple sentences are involved, N.C.G.S. § 15A-1335 bars the trial court from imposing an increased sentence for any of the convictions, even if the total term of imprisonment does not exceed that of the original sentence. *State v. Nixon,* 119 N.C. App. 571, 459 S.E.2d 49 (1995) ("the prohibition against imposing more severe sentences after appeal . . . applies to offenses charged and convictions thereon, not to an aggregate term of years") (citing *State v. Hemby,* 333 N.C. 331, 426 S.E.2d 77 (1993)).

However, N.C.G.S. § 15A-1335 does not prohibit the trial court's replacement of concurrent sentences with consecutive sentences upon resentencing, provided neither the individual sentences, nor the aggregate sentence, exceeds that imposed at the original sentencing hearing. *State v. Ransom,* 80 N.C. App. 711, 343 S.E.2d 232 (1986). In *Ransom,* the defendant initially received a consolidated sentence of twenty years for multiple offenses. On remand following appeal, the court sentenced him to six consecutive three year sentences, for a total of eighteen years. This Court found no violation of N.C.G.S. § 15A-1335 in the trial court's replacement of concurrent sentences with consecutive sentences:

[T]he issue [is] whether the trial court is bound by its decision to consolidate convictions for sentencing when a case is reversed and remanded for resentencing. While G.S. 15A-1335 prohibits trial courts from imposing stiffer sentences upon remand than originally imposed, *nothing prohibits the trial court from changing the way in which it consolidated convictions during a sentencing hearing prior to remand.*

*Id.* at 713-714, 343 S.E.2d at 234 (emphasis added). *See also State v. Harris,* 115 N.C. App. 42, 444 S.E.2d 226 (1994) (G.S. 15A-1335 does not restrict trial court on resentencing "from correcting the way in which it consolidated offenses" initially).

We find no violation of N.C.G.S. § 15A-1335 in the case *sub judice.* We reject defendants' argument, that by replacing Oliver's concurrent death sentences with consecutive life sentences, and Moore's death sentence with a second life sentence to run consecutively to the life sentence originally entered, the court violated the statute by entering a more severe sentence. Any number of life sentences, even if imposed consecutively, cannot be considered a greater sentence than even one death sentence, because "the penalty of death is qualitatively different from a sentence of imprisonment, however long." *Woodson v. North Carolina,* 428 U.S. 280, 49 L. Ed. 2d 944 (1976). The United States Supreme Court has stated:

'The penalty of death differs from all other forms of criminal punishment, not in degree but in kind. It is unique in its total irrevocability. It is unique in its rejection of rehabilitation of the convict as a basic purpose of criminal justice. And it is unique, finally, in its absolute renunciation of all that is embodied in our concept of humanity.'

*Harmelin v. Michigan,* 501 U.S. 957, 995, 115 L. Ed. 2d 836, 865 (1991) (quoting *Furman v. Georgia,* 408 U.S. 238, 306, 33 L. Ed. 2d 346, 388). Although our appellate courts have not previously addressed this issue, a Wyoming court, in *Turner v. State,* 624 P.2d 774 (Wyo. 2 March 1981), held that replacement of two death sentences with consecutive life sentences did not increase defendant's sentence:

To prevail, [defendant] must establish . . . that two death sentences to run concurrently, or even one, is not as severe as two sentences of life imprisonment to run consecutively. He fails to do so. Life is precious.

We hold that the trial court did not violate N.C.G.S. § 15A-1335 by imposing consecutive life sentences. Accordingly, the sentences imposed by the trial court are

Affirmed.

Judges McGEE and HUDSON concur.