STATE OF NORTH CAROLINA v. GEORGE EARL GOODE, JR, Defendant

No. COA10-1258

(Filed 3 May 2011)

**Sentencing— vacated death sentences—resentencted to consecutive life sentences**

    The trial court did not err in a first-degree murder case by imposing consecutive rather than concurrent sentences for life imprisonment after defendant's two death sentences for first-degree murder were vacated and he was resentenced.

Appeal by defendant from judgments entered 1 April 2010 by Judge Robert H. Hobgood in Johnston County Superior Court. Heard in the Court of Appeals 7 March 2011.

*Roy Cooper, Attorney General, by John G. Barnwell, Assistant Attorney General, for the State.*

*North Carolina Prisoner Legal Services, Inc., by Sarah Jessica Farber, for defendant-appellant.*

MARTIN, Chief Judge.

On 19 November 1993, two judgments, each sentencing defendant to death, were entered in the Superior Court of Harnett County upon jury verdicts finding defendant guilty of the first-degree murders of Leon Batten and Margaret Batten and recommending that he be sentenced to death for each of those crimes. A third judgment, sentencing defendant to a consecutive term of imprisonment of forty (40) years, was entered upon a jury verdict finding him guilty of robbery with a dangerous weapon. The convictions and sentences were appealed to the North Carolina Supreme Court and were affirmed. *State v. Goode*, 341 N.C. 513, 461 S.E.3d 631 (1995).

Thereafter, defendant filed a Motion for Appropriate Relief in the Superior Court of Johnston County, which was denied by order entered 15 December 2004 after an evidentiary hearing. Defendant's petition to the North Carolina Supreme Court for writ of certiorari was denied 11 October 2007. *State v. Goode*, 361 N.C. 698, 652 S.E.2d 924 (2007).

On 12 October 2007, defendant filed a petition for habeas corpus in the United States District Court for the Eastern District of North Carolina. By order entered 21 October 2009, that court determined that defendant received ineffective assistance of counsel at the penalty phase of his trial and that he was sentenced to death in violation of his constitutional rights under the Sixth Amendment of the United States Constitution. The court issued its writ of habeas corpus vacating defendant's death sentences and providing "the State of North Carolina shall sentence petitioner to life imprisonment on each count of first-degree murder unless, within 180 days, the State of North Carolina initiates new sentencing proceedings against Goode." *Goode v. Branker*, No. 5:07-HC-02192-H, Docket No. 58 (E.D.N.C. 21 October 2009).

Following entry of that order, the State elected not to pursue the death penalty upon resentencing, leaving life imprisonment as the only permissible penalty for defendant's convictions of first degree

murder.[1] After a resentencing hearing, judgments were entered sentencing defendant to consecutive terms of life imprisonment for the murders of Leon and Margaret Batten. Defendant appeals.

The sole issue raised by this appeal is whether the trial court erred by imposing consecutive, rather than concurrent, sentences of life imprisonment. Defendant asserts the trial court had neither jurisdiction nor authority to impose the consecutive life sentences. We find no merit in his argument.

Two statutes apply to the issue before us. N.C.G.S. § 15A-1335 provides:

> When a conviction or sentence imposed in superior court has been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence less the portion of the prior sentence previously served.

N.C. Gen. Stat. § 15A-1335 (2009). N.C.G.S. § 15A-2004(d) provides:

> Notwithstanding any other provision of Article 100 of Chapter 15A of the General Statutes, the State may agree to accept a sentence of life imprisonment for a defendant . . . upon an order of resentencing by a court in a State or federal post-conviction proceeding. If the State exercises its discretion and does agree to accept a sentence of life imprisonment for the defendant, then the court shall impose a sentence of life imprisonment.

N.C. Gen. Stat. § 15A-2004(d) (2009).

Defendant's argument is essentially that because the original judgments did not specify that the death sentences were to be consecutive, they were made concurrent by operation of law, so that the mandate of N.C.G.S. § 15A-2004(d) required the trial court to impose concurrent sentences of life imprisonment and it had no authority or discretion to do otherwise. We disagree.

First, we observe there is no question the trial court had personal jurisdiction over the defendant and subject matter jurisdiction to enter judgment in these cases. Indeed, defendant cites no authority to

---

1. At the time of the murders committed by defendant, the only permissible sentences for first degree murder were death and life imprisonment as defined by the Fair Sentencing Act N.C.G.S. § 15A-1340.4 (1993) (repealed 1995).

the contrary. North Carolina courts have personal jurisdiction over those who commit crimes within the borders of the state, and the Superior Court has original general jurisdiction throughout the State. N.C. Const. art. IV, § 12(4).

As for his argument that the trial court had no authority to "modify" the original judgments, which defendant contends mandated concurrent sentences, we observe that there was no modification of the judgments; the judgments were vacated by the federal court order. Thus, the matter before the court at the resentencing hearing was the entry of new judgments in accordance with the provisions of the applicable statutes recited above.

Pursuant to N.C.G.S. § 15A-2004(d), the State exercised its discretion to not seek the death penalty for the murder of either victim. Thus, the statute required only that the trial court impose a sentence of life imprisonment in each case; contrary to defendant's assertion, the statute imposed no "curb" upon judicial discretion as to whether the sentences were to be concurrent or consecutive. Restraint, if any, upon that discretion would have to be imposed by the provision of N.C.G.S. § 15A-1335 that the sentence imposed upon resentencing be no more severe than the original sentence.

This Court has held that "[a]ny number of life sentences, even if imposed consecutively, cannot be considered a greater sentence than even one death sentence, because 'the penalty of death is qualitatively different from a sentence of imprisonment, however long.' " *State v. Oliver*, 155 N.C. App. 209, 212, 573 S.E.2d 257, 259 (2002) (quoting *Woodson v. North Carolina*, 428 U.S. 280, 49 L. Ed. 2d 944 (1976)), *appeal dismissed and disc. review denied*, 367 N.C. 254, 583 S.E.2d 45 (2003).

In *Oliver*, just as in the present case, the defendant's two life sentences for first-degree murder were vacated and he was resentenced to consecutive sentences of life imprisonment. *Id.* at 210, 573 S.E.2d at 258. The defendant in *Oliver* argued that, because the trial court originally had not indicated in its judgment whether the two death sentences were to run concurrently or consecutively, they were legally presumed to run concurrently and thus, upon resentencing, he could only be sentenced to concurrent life sentences if the State did not choose to seek death sentences upon resentencing. *Id.* at 210-11, 575 S.E.2d at 258. This Court disagreed and affirmed the trial court's imposition of two consecutive life sentences. *Oliver* is binding authority in the present case.

GENTRY v. BIG CREEK UNDERGROUND UTILS., INC.

[211 N.C. App. 641 (2011)]

We have carefully considered defendant's remaining arguments and conclude they are likewise without merit.

Affirmed.

Judges McGEE and McCULLOUGH concur.