STATE OF NORTH CAROLINA v. JOSEPH LEE KNIGHT

No. 8714SC140

(Filed 15 September 1987)

**1. Criminal Law § 34.4— homicide with firearm—witnesses' seeing defendant with gun—admissibility of testimony**

In a prosecution of defendant for homicide with a firearm, the trial court did not commit prejudicial error by permitting three of the State's witnesses to testify that they had, at unspecified times prior to the crime in question, seen defendant with a gun on the ground that this was evidence of past criminal or wrongful conduct which was offered by the State solely to show his bad character and criminal disposition, since defendant failed to object to similar testimony and thereby waived any objection to subsequent testimony; the testimony of the witnesses did not suggest that defendant's possession of a firearm at any previous time was unlawful, nor did it attribute to him a criminal disposition or a character prone to violence; and there was no reasonable possibility that the jury's verdict would have been any different had the testimony been excluded. N.C.G.S. § 8C-1, Rule 404(b).

**2. Homicide § 21.7— intentional shooting of victim—sufficiency of evidence of second degree murder**

Where there was substantial evidence which tended to show that defendant intentionally shot the victim with a pistol and that the victim died as a result of the wounds, and there was some evidence of self-defense, the jury was permitted, though not compelled, to infer malice and unlawfulness, and the trial court therefore did not err in denying defendant's motion to dismiss the charge of second degree murder.

**3. Criminal Law § 98— defense witness in jail clothing—defendant not entitled to mistrial**

The brief appearance of a defense witness in jail clothing was not such a serious impropriety as to prevent defendant from receiving a fair trial, and defendant therefore was not entitled to a mistrial.

**4. Homicide § 30.3— involuntary manslaughter—defendant not entitled to instruction**

Defendant was not entitled to an instruction on involuntary manslaughter where the evidence tended to show that defendant and the victim struggled; defendant had a pistol in his hand; the victim tried to hold defendant's hand down and to the side; three shots were fired, one from very close range; after the third shot, the victim fell back and defendant fled from the building; and there was no evidence that defendant did not intend to fire the weapon.

**5. Criminal Law § 150— sentence less than presumptive term—sentence supported by evidence—question not reviewable on appeal**

Defendant could not assert on appeal error relating to his sentence for second degree murder where his sentence was less than the presumptive term for such crime. Rather, his remedy was to petition for a writ of certiorari to review that issue. N.C.G.S. § 15A-1444(a1).

APPEAL by defendant from *Battle, Judge.* Judgment entered 18 September 1986 in Superior Court, DURHAM County. Heard in the Court of Appeals 1 September 1987.

Defendant was charged with the murder of Eric Nichols and entered a plea of not guilty. The jury returned a verdict finding defendant guilty of second degree murder. After a sentencing hearing, the trial court entered judgment sentencing defendant to an active term of imprisonment less than the presumptive sentence. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Richard L. Griffin, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Leland Q. Towns, for defendant-appellant.*

MARTIN, Judge.

In this appeal defendant asserts that the trial court erred by permitting the State to elicit certain testimony from three of its witnesses, by denying his motions for mistrial and for dismissal of the charges, and by refusing to give certain instructions to the jury. He also contends that the court committed error in the sentencing proceeding. We find no prejudicial error.

At trial, the State offered evidence tending to show that on the night of 24 January 1986, a party, organized by some employees of Duke University, was held at the Mary Lou Williams Cultural Center on the university's campus. The party was open to the public; the price of admission was $1.00. The admission fee was collected at a table in a hallway just outside a large room where there was music and dancing. Approximately one hundred and fifty people attended the party.

The State's evidence further tended to show that Eric Nichols arrived at the party and attempted to enter without paying. Defendant, who was standing near the table in order to see that everyone paid admission to enter the party, attempted to stop Nichols and the two men began pushing each other. As they struggled, witnesses observed that defendant had a pistol in his hand and heard gunshots. Nichols fell to the floor and defendant fled. The evidence showed that Nichols sustained three gunshot wounds, at least one of which was a contact gunshot wound, and

died as a result of blood loss due to the wounds. Three .22 caliber pistol bullets were recovered from his body. No weapon was ever recovered from defendant nor was one found on Nichols' body or at the scene of the shooting.

Defendant did not testify but offered evidence, principally through the testimony of Alvin Lorenzo Yates, tending to show that while Nichols and defendant struggled, Nichols was holding defendant's wrist in such a manner that he could not move it, and the pistol was pointed out to the side, away from Nichols. Defendant was pinned against a wall, and Nichols was choking him. Yates heard two shots, but saw no indication that Nichols had been hit. As Nichols pushed defendant down the hallway, Yates saw another person behind Nichols holding a gun. Defendant was trying to push Nichols off of him and Yates heard defendant say, "Someone get this man off of me." Yates heard another shot and saw Nichols fall back. Defendant put the pistol in his pocket and was pushed out of the building by others.

[1] By his first three assignments of error, defendant contends that the trial court committed prejudicial error by permitting three of the State's witnesses to testify that they had, at unspecified times prior to 24 January 1986, seen defendant with a gun. He argues that the testimony was violative of G.S. 8C-1, Rule 404(b) in that it was evidence of past criminal or wrongful conduct and was offered by the State solely to show his bad character and criminal disposition. We find no merit in his argument. Donald Wright, one of the organizers of the party and a friend of defendant, was asked, without objection, if he had ever seen defendant with a gun. His response was affirmative. There was no motion to strike the answer. When similar questions were subsequently asked of two other witnesses, defendant objected and his objections were overruled. However, defendant lost the benefit of these objections as a result of Donald Wright's earlier testimony, to which no objection was made. "When evidence is admitted over objection and the same evidence has been previously admitted or is later admitted without objection, the benefit of the objection is lost." *State v. Corbett and State v. Rhone*, 307 N.C. 169, 179, 297 S.E. 2d 553, 560 (1982).

Moreover, the testimony of the three witnesses showed only that each of them had seen defendant in possession of a firearm

on some unspecified occasions over a period of years prior to the events giving rise to the present charge. Defendant's argument to the contrary notwithstanding, the evidence does not suggest that defendant's possession of a firearm at any previous time was unlawful nor does it attribute to him a criminal disposition or a character prone to violence.

Finally, we observe that even if the testimony complained of was improperly admitted, the error would not entitle defendant to a new trial. A defendant is entitled to a new trial for errors committed at his trial only upon a showing that he was prejudiced by such errors. *State v. Alston*, 307 N.C. 321, 298 S.E. 2d 631 (1983). In order to show prejudice, defendant must demonstrate "a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial . . . ." G.S. 15A-1443(a). Our review of the entire record convinces us that there is no reasonable possibility that the jury's verdict would have been any different had the testimony of which defendant complains been excluded. Any error in the admission of the testimony was, therefore, harmless and defendant's first three assignments of error must be overruled.

[2]   Defendant next argues that the State's evidence was insufficient to withstand his motion to dismiss the charge of second degree murder because the State failed to present substantial evidence that defendant acted with malice in killing Nichols. In a criminal case the test of the sufficiency of the evidence is whether there is substantial evidence of each essential element of the crime alleged in the indictment or of a lesser offense included therein. *State v. Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649 (1982). In ruling upon a motion to dismiss, the trial court must consider the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference to be drawn therefrom. *Id.* The test of the sufficiency of the evidence is the same whether the evidence is direct, circumstantial, or both. *Id.*

Second degree murder is defined as the unlawful killing of a human being with malice, but without premeditation or deliberation. *State v. Robbins*, 309 N.C. 771, 309 S.E. 2d 188 (1983). Of course, the State has the burden of proving each essential element of the offense beyond a reasonable doubt, but in proving that a killing was unlawful and that it was done with malice, the

State is aided by certain presumptions or inferences, depending upon the circumstances, which arise upon proof that the defendant intentionally inflicted a wound upon the deceased with a deadly weapon which proximately resulted in death. *State v. Patterson*, 297 N.C. 247, 254 S.E. 2d 604 (1979). In the absence of evidence of self-defense or that the killing was committed in the heat of passion upon sudden provocation, proof of the intentional infliction of a wound with a deadly weapon proximately resulting in death raises mandatory presumptions that the killing was unlawful and was done with malice. *Id.* Where, however, there is evidence that the killing occurred in the heat of passion, or, as in the present case, there is some evidence of self-defense, the mandatory presumptions of unlawfulness and malice disappear. *Id.* In such cases, the jury is permitted, though not compelled, to infer malice and unlawfulness from the intentional infliction of a wound with a deadly weapon proximately resulting in death. *Id.*

In the present case, there was substantial evidence which, when considered in the light most favorable to the State, tended to show that defendant intentionally shot Nichols with a pistol and that Nichols died as a result of the wounds. From this evidence arises at least an inference that defendant acted unlawfully and with malice. The State is entitled, upon defendant's motion to dismiss, to the benefit of that inference. The motion to dismiss was properly denied.

[3] Defendant's next assignment of error is directed to the denial of his motion for a mistrial. The motion was made after Alvin Lorenzo Yates, a defense witness who was confined in the Durham County jail at the time of defendant's trial, was brought to the courtroom in his jail uniform and handcuffed. Defendant's counsel objected, stating that she had requested the jailers to have Yates dressed in civilian clothing. The trial judge immediately ordered that Yates be removed from the courtroom and declared a recess while Yates was returned to the jail to dress in civilian attire. The court denied defendant's motion for a mistrial.

"[A] mistrial is appropriate only when there are such serious improprieties as would make it impossible to attain a fair and impartial verdict under the law." *State v. Calloway*, 305 N.C. 747, 754, 291 S.E. 2d 622, 627 (1982). Whether a motion for a mistrial should be granted is a decision which rests in the sound discre-

tion of the trial judge and his ruling will not be reversed absent an abuse of that discretion. *State v. Craig and State v. Anthony*, 308 N.C. 446, 302 S.E. 2d 740, *cert. denied*, 464 U.S. 908, 78 L.Ed. 2d 247, 104 S.Ct. 263 (1983). The brief appearance of a defense witness in jail clothing was not, in our view, such a serious impropriety as to prevent the defendant from receiving a fair trial. No abuse of discretion appears from the record before us. This assignment of error is overruled.

[4] By his next assignment of error, defendant contends that the trial court erred by refusing to submit to the jury, upon proper instructions, the issue of defendant's guilt of the lesser included offense of involuntary manslaughter. "Involuntary manslaughter is the unintentional killing of a human being without malice, proximately caused by (1) an unlawful act not amounting to a felony nor naturally dangerous to human life, or (2) a culpably negligent act or omission." *State v. Redfern*, 291 N.C. 319, 321, 230 S.E. 2d 152, 153 (1976). The trial court is required to charge on a lesser offense only when there is evidence to support a finding of guilt of the lesser offense. *State v. Hickey*, 317 N.C. 457, 346 S.E. 2d 646 (1986). Defendant argues that the evidence permits an inference that he unintentionally shot Nichols. We disagree.

The evidence in the present case tends to show that while defendant and Nichols were struggling, a witness saw defendant "reach for something." Witnesses then saw that defendant had a pistol in his hand and that Nichols was trying to hold defendant's hand down and to the side. Three shots were fired. Before the third shot, defendant said "Someone get this man off of me." Nichols was shot three times, at least once from very close range. After the third shot, Nichols fell back and defendant fled from the building. There was no evidence that defendant did not intend to fire the weapon, nor does such an inference arise from the fact that defendant and Nichols were engaged in a struggle. The trial court properly declined to instruct the jury on involuntary manslaughter. *See State v. Wingard*, 317 N.C. 590, 346 S.E. 2d 638 (1986); *State v. Hill*, 311 N.C. 465, 319 S.E. 2d 163 (1984); *State v. Robbins, supra.*

For similar reasons, we reject defendant's contention that the trial court erred by denying his request that the jury be instructed that he would not be guilty of any offense if Nichols'

death resulted from an accident. A homicide will be excused as accidental where (1) the killing was unintentional, (2) the perpetrator acted with no wrongful purpose, (3) the killing occurred while the perpetrator was engaged in a lawful enterprise, and (4) the killing did not occur as a result of culpable negligence. *State v. Faust*, 254 N.C. 101, 118 S.E. 2d 769, 96 A.L.R. 2d 1422, *cert. denied*, 368 U.S. 851, 7 L.Ed. 2d 49, 82 S.Ct. 85 (1961). There is no evidence of an unintentional shooting in this case.

[5] Finally, defendant attempts to assert, on this direct appeal, error relating to his sentence. He is not entitled to do so because the sentence which he received is less than the presumptive term set by G.S. 15A-1340.4(f)(1) for second degree murder, a Class C Felony. G.S. 14-17. G.S. 15A-1444(a1) provides, in pertinent part:

> A defendant who has been found guilty . . . is entitled to appeal as a matter of right the issue of whether his sentence is supported by evidence introduced at the trial and sentencing hearing *only if the prison term of the sentence exceeds the presumptive term set by G.S. 15A-1340.4*, and if the judge was required to make findings as to aggravating or mitigating factors pursuant to this Article. Otherwise, he is not entitled to appeal this issue as a matter of right but may petition the appellate division for review of this issue by writ of certiorari. (Emphasis added.)

No petition has been filed. Therefore, the issue is not properly before us and we decline to consider it.

No error.

Judges WELLS and EAGLES concur.