STATE OF NORTH CAROLINA v. DOUG HEMBY

No. 482PA91

(Filed 12 February 1993)

### Criminal Law § 1688 (NCI4th)— resentencing—fewer charges— same sentence—erroneous

The trial court erred when resentencing defendant where obscenity convictions were obtained on eight indictments, each containing one count for possession and one count for dissemination; the trial court elected to consolidate for sentencing the possession and dissemination counts in each indictment; the court found in the first sentencing hearing no factors in aggravation or mitigation; the indictments upon which convictions were obtained were consolidated into three groups for sentencing; defendant's total sentence was eight years; the Court of Appeals upheld the sentence upon two indictments but remanded the others for resentencing; and the trial court arrested judgment on three indictments on remand, found aggravating factors, and imposed sentences totaling six years on the remaining three indictments, for a total of eight years

on five indictments. It is clear that the trial court originally intended to impose a sentence of one year on each indictment and to total these sentences when it consolidated the indictments for sentencing purposes; when indictments or convictions with equal presumptive terms are consolidated for sentencing without the finding of aggravating or mitigating circumstances, and the terms are totaled to arrive at the sentence, nothing else appearing, the sentence for purposes of appellate review will be deemed to be equally attributable to each indictment or conviction. The trial court violated the Fair Sentencing Act by imposing a more severe sentence at resentencing because, as to each indictment involved, the trial court resentenced defendant to a term greater than the term attributable to the indictment at the original sentence. N.C.G.S. § 15A-1335; N.C.G.S. § 15A-1340.4(a).

**Am Jur 2d, Criminal Law § 580.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of the unpublished decision of the Court of Appeals, 104 N.C. App. 140, 408 S.E.2d 763 (1991), affirming an order entered by Lake, J., on 31 October 1988 in Superior Court, Onslow County. Heard in the Supreme Court on 14 April 1992.

*Lacy H. Thornburg, Attorney General, by Steven F. Bryant, Special Deputy Attorney General, for the State.*

*Robert T. Hargett for defendant-appellant.*

EXUM, Chief Justice.

The issue before us is whether the trial court violated the Fair Sentencing Act in a resentencing proceeding by imposing upon defendant more severe sentences than were imposed originally. Although defendant's total number of years of imprisonment remained the same, the number of convictions for which he was resentenced had been reduced. Considering each conviction separately for sentencing purposes, we conclude that the trial court violated the Fair Sentencing Act by resentencing defendant to a term of years for each conviction that exceeded the sentence given for each conviction at the original sentencing.

Defendant was charged in twelve indictments with twelve counts of disseminating obscenity in violation of N.C.G.S. § 14-190.1(a),

and twelve counts of possession of obscene material with intent to disseminate in violation of N.C.G.S. § 14-190.1(e). He was convicted on eight indictments, each containing one count for possession and one count for dissemination. The indictments rested on an offense committed at various times with various pornographic items as follows: indictment number 88-CRS-9503 [hereinafter Indictment A], a 28 April 1988 rental of a pornographic video cassette; indictment number 88-CRS-9505 [hereinafter Indictment B], a 1 June 1988 sale of a pornographic magazine; indictment numbers 88-CRS-9506 [hereinafter Indictment C] and 88-CRS-9507 [hereinafter Indictment D], an 11 June 1988 sale of two separate pornographic magazines; indictment numbers 88-CRS-9509 [hereinafter Indictment E] and 88-CRS-9510 [hereinafter Indictment F], an 11 June 1988 rental of two pornographic video cassettes; indictment number 88-CRS-9511 [hereinafter Indictment G], a 21 April 1988 rental of another pornographic video cassette, and indictment number 88-CRS-9513 [hereinafter Indictment H], an 11 February 1988 sale of a pornographic magazine. Each indictment charged defendant with both disseminating and possession with intent to distribute each pornographic item described.

At defendant's original sentencing hearing on 3 November 1988, the trial court found no factors in aggravation or mitigation. For the purposes of sentencing, the trial court consolidated into three groups the eight indictments upon which convictions were obtained. In group one, consisting of indictments A, B and C, the trial court sentenced defendant to a term of three years' imprisonment. In group two, consisting of indictments D, E and F, the trial court sentenced defendant to a term of three years' imprisonment to run consecutively with the previous sentence. In group three, consisting of indictments G and H, the trial court sentenced defendant to a term of two years' imprisonment to run consecutively with the previous sentences. Thus, defendant's total sentence was eight years.

The Court of Appeals found no error in the guilt phase of defendant's trial but held that the trial court had improperly, and in violation of *State v. Smith*, 323 N.C. 439, 373 S.E.2d 435 (1988), imposed a sentence upon defendant for each pornographic item disseminated rather than for each transaction involving one or more such item. The Court of Appeals upheld the two-year sentence imposed for indictments G and H, but it vacated and remanded for resentencing indictments A, B, C, D, E and F. *State v. Hemby*,

97 N.C. App. 333, 388 S.E.2d 638, *disc. rev. denied*, 326 N.C. 485, 391 S.E.2d 818 (1990).

At the resentencing hearing on 30 April 1990, the trial court first arrested judgment on indictments C, E and F, which had offended the principle announced in *Smith*. The trial court then noted that of the remaining five indictments, indictments G and H were not subject to resentencing since the two-year sentence on these indictments had been upheld on appeal.

Upon resentencing defendant on the three remaining indictments A, B and D, the trial court, after finding aggravating circumstances based on evidence presented by the State, sentenced defendant on indictment D to three years' imprisonment to run at the expiration of the previously imposed two-year sentence on indictments G and H. The trial court consolidated for sentencing purposes indictments A and B and sentenced defendant to three years' imprisonment to run consecutively with the sentence imposed on indictment D. Defendant was thus resentenced to six years' imprisonment on the three indictments remaining (A, B and D) after the appeal and the trial court's order arresting judgment. Defendant's total sentence remained eight years. The new sentence was affirmed by the Court of Appeals.

Defendant contends the trial court's resentencing violated the Fair Sentencing Act by imposing upon him sentences which were more severe than those imposed originally. We agree.

Although a trial judge may find altogether new aggravating and mitigating circumstances at a resentencing hearing without regard to the findings at prior sentencing hearings, *State v. Jones*, 314 N.C. 644, 648-49, 336 S.E.2d 385, 388 (1985), such findings cannot justify a sentence which is more severe than the original sentence imposed on the same offenses. Section 15A-1335 of the North Carolina General Statutes provides:

> When a conviction or sentence imposed in Superior Court has been set aside on direct review or collateral attack, the Court may not impose a new sentence for the same offense or for a different offense based on the same conduct, which is more severe than the prior sentence less the portion of the prior sentence previously served.

N.C.G.S. § 15A-1335 (1988). This limitation on resentencing was explained in *State v. Mitchell*, 67 N.C. App. 549, 313 S.E. 2d 201 (1984):

For all intents and purposes the resentencing hearing is de novo as to the appropriate sentence. *See State v. Watson*, 65 N.C. App. 411, 413, 309 S.E.2d 3, 4 (1983); *State v. Lewis*, 38 N.C. App. 108, 247 S.E.2d 282 (1978). On resentencing the judge makes a new and fresh determination of the presence in the evidence of aggravating and mitigating factors. The judge has discretion to accord to a given factor either more or less weight than a judge, or the same judge, may have given at the first hearing. However, in the process of weighing and balancing the factors found on rehearing the judge cannot impose a sentence greater than the original sentence. . . . In simple words, on resentencing, a trial judge cannot impose a term of years greater than the term of years imposed by the original sentence, regardless of whether the new aggravating factors occurred before or after the date of the original sentence.

*Mitchell*, 67 N.C. App. at 551, 313 S.E.2d at 202.

Defendant's original sentence was based on convictions for eight counts of possession of obscene material with an intent to disseminate, in violation of N.C.G.S. § 14-190.1(e), and eight counts of dissemination of obscene material in violation of N.C.G.S. § 14-190.1(a). Both N.C.G.S. § 14-190.1(a) and N.C.G.S. § 14-190.1(e) establish Class J felonies with presumptive sentences of one year. N.C.G.S. § 15A-1340.4(f)(8) (1988). At resentencing, however, the trial court stated:

As the court recalls the evidence from trial, and the sentencing hearing previously, prior to the decision by the Court of Appeals that came down the day that the previous sentencing hearing took place, the court was of the opinion and believes that was not addressed by the decision of the Court of Appeals, and the maximum, under the offense with which the defendant was charged was sixteen years, rather than eight, and that's considering possession. But the court chose to consolidate, if the court recalls, all of the possession charges.

Nothing else appearing in the record, we conclude that the above statement denoted an election on the part of the trial court at both sentencing hearings to consolidate for purposes of sentencing the possession and dissemination counts in each indictment.

Pursuant to the Fair Sentencing Act, a trial judge must impose the presumptive prison term unless,

> after consideration of aggravating or mitigating factors, or both, he decides to impose a longer or shorter term . . . or unless when two or more convictions are consolidated for judgment he imposes a prison term (i) that does not exceed the total of the presumptive terms for each felony so consolidated, (ii) that does not exceed the maximum term for the most serious felony so consolidated, and (iii) that is not shorter than the presumptive term for the most serious felony so consolidated.

N.C.G.S. § 15A-1340.4(a). At the original sentencing hearing, no findings in aggravation or mitigation were made, and the trial court consolidated the indictments for purposes of sentencing into three groups and imposed three sentences as follows: In group one, indictments A, B and C were consolidated; and defendant was given a sentence of three years. In group two, indictments D, E and F were consolidated; and defendant was given a sentence of three years. In group three, indictments G and H were consolidated; and defendant was given a sentence of two years. It seems clear that the trial court intended to impose a sentence of one year on each indictment and, pursuant to N.C.G.S. § 15A-1340.4(a)(i), to total these sentences when it consolidated the indictments for sentencing purposes. We conclude, further, that when indictments or convictions with equal presumptive terms are consolidated for sentencing without the finding of aggravating or mitigating circumstances, and the terms are totaled to arrive at the sentence, nothing else appearing in the record, the sentence, for purposes of appellate review, because of the provisions of N.C.G.S. § 15A-1340.4(a), will be deemed to be equally attributable to each indictment or conviction.

Here, defendant's three-year sentences imposed, respectively, in groups one and two, each of which consisted of consolidated indictments having equal presumptive terms, must be apportioned equally among the indictments in each group. Thus, in each group, defendant was, in effect, sentenced to a one-year term on each indictment; and after consolidation the terms were totaled to arrive at the three-year term ultimately imposed.

At resentencing, after the trial court arrested judgment on three of defendant's indictments, only three indictments, A, B and D, remained for resentencing, A and B having initially been consolidated in group one, and D in group two. When the trial court again consolidated indictments A and B for sentencing in group

STATE v. HEMBY

[333 N.C. 331 (1993)]

one, no more than two years' imprisonment could be imposed without exceeding the sentence originally imposed on these indictments. When the trial court imposed a new sentence of three years, the sentence was more severe than the original sentence on these indictments.

The trial court's error at resentencing is even more apparent for indictment D. At the original sentencing this indictment was consolidated with indictments E and F, and the trial court imposed a three-year sentence. At resentencing only one of the three originally consolidated indictments remained; yet defendant was given a new sentence of three years on this indictment. This new sentence on this indictment was more severe than the one-year sentence originally attributed to the same indictment.

Because, as to each indictment involved, the trial court resentenced defendant to a term of years greater than the term of years attributable to the indictment at the original sentence, the trial court violated the Fair Sentencing Act by imposing a more severe sentence at resentencing than was imposed originally.

Defendant must, therefore, be given a new sentencing hearing on indictments A (88-CRS-9503), B (88-CRS-9505) and D (88-CRS-9507). The decision of the Court of Appeals is reversed and this case is remanded to Superior Court, Onslow County, for a new sentencing hearing on these indictments.

REVERSED AND REMANDED.

Justice PARKER did not participate in the consideration or decision of this case.