STATE OF NORTH CAROLINA v. WILLIE ANTHONY NIXON

No. COA94-992

(Filed 18 July 1995)

**Criminal Law § 1687 (NCI4th)— sentence increased at resentencing hearing—violation of Fair Sentencing Act**

Where the trial court, without finding aggravating or mitigating factors, originally sentenced defendant to 12 years imprisonment upon his first-degree kidnapping conviction, it was error for the court at the resentencing hearing to sentence defendant to 24 years on this charge based on the finding of an aggravating factor even though the aggregate sentence imposed upon defendant at the resentening remained the same.

**Am Jur 2d, Criminal Law §§ 581, 598, 599.**

Appeal by defendant from judgment entered 16 November 1993 by Judge James D. Llewellyn in New Hanover County Superior Court. Heard in the Court of Appeals 18 April 1995.

*Attorney General Michael F. Easley, by Associate Attorney General C. Norman Young, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant-appellant.*

MARTIN, MARK D., Judge.

Defendant appeals from judgment and commitment imposed on resentencing. We reverse.

Defendant was tried and convicted of one count of first degree kidnapping, one count of second degree rape, and one count of second degree sexual offense. Each charge carried a presumptive sen-

tence of twelve years. All charges were consolidated, the court made no findings of aggravating or mitigating factors, and the defendant was sentenced to a term of 36 years in prison. Defendant appealed.

On appeal this Court held the trial court erred in entering judgment on the first degree kidnapping charge and the second degree rape and sexual offense charges. In its remand for resentencing, this Court applied *State v. Belton*, 318 N.C. 141, 347 S.E.2d 755 (1986) and instructed: "The trial court may arrest judgment on the first-degree kidnapping conviction, enter a verdict of guilty of second-degree kidnapping, and resentence accordingly; or arrest judgment in either the rape or sexual offense, and resentence accordingly." *State v. Nixon*, 111 N.C. App. 268, 434 S.E.2d 249 (1993).

At the 19 November 1993 resentencing hearing, the State introduced evidence which tended to show that defendant had previously been convicted of the felony of forgery and uttering. This was in the form of the original Clerk's file in Case No. 89 CRS 12623. The court entered judgment on the charge of first degree kidnapping. The court found as an aggravating factor defendant had a prior conviction punishable by more than 60 days confinement. The court found no mitigating factors. The trial court further found that the aggravating factors outweighed those in mitigation and sentenced defendant to twenty-four years for the offense of first degree kidnapping. The trial court also imposed a consecutive sentence of twelve years on the conviction of second degree rape. Since the sentences were to run consecutively, the total sentence remained thirty-six years, and defendant's aggregate term of imprisonment remained the same as it had been before appeal. Finally, the trial court arrested judgment on the second degree sex offense charge. Defendant was given credit for time served during the appeal and trial.

On appeal we only address defendant's contention the trial court erred at the resentencing hearing by doubling defendant's sentence for first degree kidnapping.

Although defendant did not object to the sentence imposed by the trial court for his kidnapping conviction, we choose to exercise our authority to suspend the rules and address defendant's contention that the trial court erred at his resentencing hearing by doubling his sentence for first degree kidnapping. N.C.R. App. P. 2.

N.C. Gen. Stat. § 15A-1335 (1988) prohibits the court from imposing a "new sentence for the same offense, or for a different offense

based on the same conduct, which is more severe than the prior sentence" when the prior sentence "has been set aside on direct review or on collateral attack." Absent findings of aggravating or mitigating factors or a plea agreement, N.C. Gen. Stat. § 15A-1340.4(a) (1988) commands the imposition of presumptive terms.

Based on the command in N.C. Gen. Stat. § 15A-1340.4(a) (1988), the North Carolina Supreme Court has concluded that "when indictments or convictions with equal presumptive terms are consolidated for sentencing without the finding of aggravating or mitigating circumstances, and the terms are totaled to arrive at the sentence, nothing else appearing in the record, the sentence . . . will be deemed to be equally attributable to each indictment or conviction." *State v. Hemby*, 333 N.C. 331, 336, 426 S.E.2d 77, 79-80 (1993). In applying this rule, the *Hemby* decision implicitly held that the prohibition against imposing more severe sentences after appeal, N.C. Gen. Stat. § 15A-1335 (1988), applies to offenses charged and convictions thereon, not to an aggregate term of years. *State v. Hemby*, 333 N.C. at 337, 426 S.E.2d at 80.

The State contends the rule set forth in *Hemby* does not apply. The State contends that in *Hemby*, each of the offenses involved conduct which occurred at different times, while in the present case all charges for which defendant was convicted were based on the same conduct. The State further contends N.C. Gen. Stat. § 15A-1335 permits the imposition of the same sentence for "a different offense based on the same conduct," and focuses on the aggregate sentence imposed on resentencing rather than offenses charged and convictions thereon. Since all charges for which defendant was convicted were based on the same conduct, and the overall aggregate sentence imposed by the trial court on remand was not increased, the State concludes the sentence imposed was within the guidelines of N.C. Gen. Stat. § 15A-1335. We disagree.

We hold *State v. Hemby* is dispositive of this issue. In *Hemby*, the defendant was convicted on eight counts of violating N.C. Gen. Stat. § 14-190.1(a) and (e) (1993). At the original sentencing, as in the present case, no aggravating or mitigating factors were found. The convictions were consolidated for sentencing as follows: Indictments A, B, and C were consolidated, and the defendant was sentenced to three years; indictments D, E, and F were consolidated, and the defendant was sentenced to a consecutive sentence of three years; finally, indictments G and H were consolidated, and the defendant

was sentenced to a consecutive sentence of two years. The defendant's aggregate term was eight years. On appeal, sentences on indictments G and H were upheld, while the others were vacated and remanded for resentencing. At resentencing, the trial court arrested judgment on indictments C, E, and F. In its resentencing as to the remaining indictments, A, B, and D, aggravating factors were found. The court imposed a three year sentence for the conviction on indictment D, and, after consolidating the convictions on indictments A and B, imposed another three year sentence. Having been upheld on appeal, the two year sentence on indictments G and H was left undisturbed. Since both three year sentences were to run consecutively, the total sentence remained eight years. Thus, just as in this case, the defendant's aggregate term of imprisonment remained the same as it had been before appeal. On review of the resentencing, the North Carolina Supreme Court held:

> Because, as to each indictment involved, the trial court resentenced defendant to a term of years greater than the term of years attributable to the indictment at the original sentence, the trial court violated the Fair Sentencing Act by imposing a more severe sentence at resentencing than was imposed originally.

*State v. Hemby*, 333 N.C. at 337, 426 S.E.2d at 80.

The violation in this case is even more straightforward than *Hemby*. This case involved convictions with equal presumptive terms of twelve years each. The charges were consolidated for sentencing without any finding of aggravating or mitigating circumstances. The presumptive terms were totaled to arrive at the sentence of thirty-six years. Nothing else appears in the record. Therefore, the original thirty-six year sentence is "deemed to be equally attributable to each indictment or conviction." *State v. Hemby*, 333 N.C. at 336, 426 S.E.2d at 80.

Application of *Hemby* reveals defendant was originally sentenced to 12 years on the charge of first degree kidnapping. At the resentencing hearing the court sentenced defendant to twenty-four years on this charge. Therefore, contrary to the State's assertion that N.C. Gen. Stat. § 15A-1335 permits the imposition of the same sentence for "a different offense based on the same conduct," and focuses on the aggregate sentence imposed on resentencing, we hold, just as in *Hemby*, "[b]ecause, as to each indictment involved, the trial court resentenced defendant to a term of years greater than the term of years attributable to the indictment at the original sentence, the trial

court violated the Fair Sentencing Act by imposing a more severe sentence at resentencing than was imposed originally." *State v. Hemby*, 333 N.C. at 337, 426 S.E.2d at 80.

Reversed and remanded.

Judges GREENE and LEWIS concur.