STATE OF NORTH CAROLINA
v.
SHANNON KEITH MOFFITT.
No. COA05-545
North Carolina Court of Appeals
Filed April 4, 2006
This case not for publication
Guilford County Nos. 03CRS078964; 03CRS078967-70.
Attorney General Roy A. Cooper, III, by Assistant Attorney General W. Wallace Finlator, Jr., for the State.
Clifford, Clendenin, O'Hale & Jones, LLP, by Walter L. Jones, for defendant-appellant.
HUNTER, Judge.
Shannon Keith Moffitt ("defendant") appeals from judgments entered consistent with jury verdicts finding defendant guilty of conspiracy to commit robbery with a dangerous weapon, two counts of robbery with a dangerous weapon, two counts of first degree kidnapping, and felonious breaking and/or entering. Defendant contends the trial court erred by (1) allowing into evidence a statement given by defendant to police; (2) failing to give a limiting instruction regarding such statement; and (3) sentencing defendant in the aggravated range. We find no error in defendant's convictions, but we remand in part for resentencing based on the erroneous imposition of the aggravated sentence. On the morning of 17 March 2003, defendant, together with several other men, drove a black Suburban to the residence of Kamel Terrell ("Terrell") and Michael Blackwell ("Blackwell"). Terrell and Blackwell testified they were home preparing breakfast when four or five men carrying handguns and wearing ski masks and black t-shirts with a "police" insignia burst through the door. The intruders identified themselves as police officers and ordered Terrell and Blackwell to the ground. The intruders handcuffed both men, took approximately $4,000.00 in cash, along with jewelry, watches and car keys, and fled the residence. Although defendant was not one of the actual intruders, the evidence tended to show he helped to plan the robbery, drove the robbers to Terrell and Blackwell's residence, and provided the "police" shirts used during the robbery. Defendant kept the handcuffs and guns used to perpetrate the robbery in a black bag in the Suburban. When police later searched the black Suburban, they found, among other things, two handguns, including a Glock model 23 firearm.
Defendant presented three witnesses, two of whom testified they had never seen defendant with a handgun. In rebuttal, the State introduced the following statement given by defendant to police:
The gun that was in my grandfather's Suburban, the Glock pistol, I do not actually own the gun. I got it from a friend of mine when I got out of prison in 2001. I did not know the pistol was stolen and I did not give any money for the gun. I have shot the gun before in the country, like target shooting. I did not shoot the gun at anyone. My grandfather does not know anything about the gun or guns in the Suburban. I do not know anything about the other gun, the 9mm Detective Pruitt told me about he found in the Suburban. I do not know anything about the home invasion that I am being charged with. I was not there until Jermaine called me to come get him. I have not lied about anything in this statement and everything in this statement is true. I have given this statement of my own free will.
Upon consideration of the evidence, the jury found defendant guilty of conspiracy to commit robbery with a dangerous weapon, two counts of robbery with a dangerous weapon, two counts of first degree kidnapping, and felonious breaking and/or entering. The trial court sentenced defendant to a presumptive range sentence of thirty-four to fifty months imprisonment for the conspiracy conviction. The remaining counts were consolidated for judgment, and the trial court found as an aggravating factor that defendant "induced others to participate in the commission of the offense; occupied position of leadership or dominance of the other participants in the commission of the offense." The trial court then imposed an aggravated range sentence of 145 to 183 months imprisonment. Defendant appeals.
Defendant first contends his statement to police was not relevant to the case, and that its admission into evidence prejudiced him. Defendant argues the Glock handgun found in the black Suburban was never conclusively linked to the robbery, and that his statement referring to the Glock handgun was therefore irrelevant. Defendant contends the erroneous admission of the statement caused irreparable harm, thereby entitling him to a new trial. We find no merit in this argument. Rule 401 of the North Carolina Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2005). The defendant bears the burden of proving the objectionable testimony was erroneously admitted and that he was prejudiced by the erroneous admission. N.C. Gen. Stat. § 15A-1443(a) (2005). "`The admission of evidence which is technically inadmissible will be treated as harmless unless prejudice is shown such that a different result likely would have ensued had the evidence been excluded.'" State v. Moses, 350 N.C. 741, 762, 517 S.E.2d 853, 867 (1999) (quoting State v. Gappins, 320 N.C. 64, 68, 357 S.E.2d 654, 657 (1987)).
Here, there was overwhelming evidence to show that defendant conspired with several other men to break into the residence of Terrell and Blackwell and commit armed robbery. Defendant drove a black Suburban to Terrell and Blackwell's residence the morning of the robbery. Defendant had a black bag containing handguns in the Suburban. Before the robbery, defendant passed the bag around to the other men, and everyone took out a gun, including defendant. The men used the guns to perpetrate the robbery. Following the robbery, police discovered two handguns, including a Glock pistol, during their search of the black Suburban. In his statement, defendant admitted to possession of the Glock pistol recovered by police from the black Suburban. We conclude that defendant's statement was relevant and the trial court did not err in admitting it. The fact that defendant possessed the Glock pistol recovered by police from the Suburban utilized in the robbery made it more probable that he acted in concert with the other men to commit the robbery, regardless of whether defendant actually used the Glock pistol during the robbery itself. See Moses, 350 N.C. at 762, 517 S.E.2d at 867 (concluding that testimony about the defendant's prior possession of a nine-millimeter handgun similar to the murder weapon was relevant). Even assuming arguendo that admission of the statement was erroneous, it did not prejudice defendant. The jury heard substantial evidence that defendant actively planned and participated in the commission of the robbery. Moreover, defendant's statement contained information helpful to his defense. In his statement, defendant denied involvement in or knowledge of the crime. Thus, the jury heard defendant's denial of his guilt without defendant exposing himself to the perils of cross-examination on the witness stand. This assignment of error is overruled.
Next, defendant argues the trial court erred in failing to give a limiting instruction regarding the admission of the statement. Defendant contends the trial court should have instructed the jury to consider the statement for purposes of impeachment only. We have determined, however, that the statement was relevant for general purposes, and that even if the statement was erroneously admitted, exclusion of the statement would not have resulted in a different verdict. As the statement was relevant, the trial court did not err in declining to give a limiting instruction regarding its admission. We likewise conclude that, even if the trial court erred in failing to give a limiting instruction, the failure to give such did not prejudice defendant, given the overwhelming evidence against him. We overrule this assignment of error.
Finally, defendant contends the trial court erred in finding an aggravating factor and sentencing him in the aggravated range based thereon. As support, defendant cites the United States Supreme Court's ruling in Blakely v. Washington, 542 U.S. 296, 159 L. Ed. 2d 403 (2004), and our Supreme Court's decision in State v. Speight, 359 N.C. 602, 614 S.E.2d 262 (2005), both of which hold that aggravating factors must be found by a jury, and not the trial court. The State contends Speight was wrongly decided, and that Blakely is subject to harmless error review. However, this Court is bound to follow decisions of the Supreme Court of North Carolina unless otherwise ordered by the Court. Cannon v. Miller, 313 N.C. 324, 327 S.E.2d 888 (1985); State v. Parker, 140 N.C. App. 169, 172, 539 S.E.2d 656, 659 (2000). Because the trial court improperly found the aggravating circumstance in this case and imposed a consolidated aggravated sentence for his convictions of two counts of robbery with a dangerous weapon, two counts of first degree kidnapping, and felonious breaking and/or entering, these convictions must be remanded to the trial court for resentencing consistent with Blakely and Speight. Defendant's sentence in the presumptive range for conspiracy to commit robbery with a dangerous weapon stands.
No error; remanded in part for resentencing.
Judges WYNN and JACKSON concur.
Report per Rule 30(e).