STATE OF NORTH CAROLINA v. SHANNON KEITH MOFFITT

No. COA06-1239

(Filed 7 August 2007)

**1. Judges— recusal—motion required to be in writing**

The trial judge did not err in a double first-degree kidnapping, double robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, and felony breaking or entering case by refusing to recuse himself as the sentencing judge even though he had previously sentenced defendant in the same case, because: (1) N.C.G.S. § 15A-1223 requires that a written motion must be filed no less than five days before the time the case is called for trial unless good cause is shown for failure to file within that time; (2) defendant's request to the trial judge to recuse himself was made only orally, and nothing in the record meets the definition of good cause sufficient to excuse defendant's failure to comply with the statute; (3) a mere allegation of bias or prejudice is inadequate to compel recusal, and the burden is on the party requesting the recusal to demonstrate objectively

that grounds for disqualification actually exist; and (4) the trial judge's refreshing his memory as to defendant's case did not suggest he had any bias or prejudice against defendant when his comments were neutral and did not reflect any opinion.

**2. Sentencing— resentencing—consolidation of charges differently**

The trial court did not err in a double first-degree kidnapping, double robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, and felony breaking or entering case by imposing two separate sentences on charges that had previously been consolidated in an earlier sentence, because: (1) while N.C.G.S. § 15A-1335 prohibits trial courts from imposing stiffer sentences upon remand than originally imposed, nothing prohibits the trial court from changing the way in which it consolidated convictions during a sentencing hearing prior to remand; (2) in the first sentencing defendant got a total of 179 to 233 months' imprisonment whereas during resentencing he got a total of 131 to 176 months' imprisonment; and (3) defendant did not receive a more severe sentence on remand and has failed to show any error in the trial court's decision to consolidate the charges differently for resentencing.

**3. Constitutional Law— double jeopardy—separate sentencing for kidnapping and other felonies**

The trial court did not violate defendant's constitutional rights by imposing consecutive sentences for first-degree kidnapping and robbery with a dangerous weapon even though defendant contends the robbery charge was an element of the kidnapping charge, because: (1) our Supreme Court has previously rejected the argument that separate sentences for kidnapping and other felonies violate the constitutional prohibition against double jeopardy; (2) only defendant's resentencing is before the Court of Appeals, and not the judgments for the underlying convictions; and (3) the trial court was bound to enter sentences for separate convictions when a jury had already concluded there was sufficient evidence to find defendant guilty of the separate offenses.

Appeal by Defendant from judgments entered 5 June 2006 by Judge Henry E. Frye, Jr. in Superior Court, Guilford County. Heard in the Court of Appeals 24 April 2007.

STATE v. MOFFITT

[185 N.C. App. 308 (2007)]

*Attorney General Roy Cooper, by Assistant Attorney General Kathryne E. Hathcock, for the State.*

*Bruce T. Cunningham, Jr., for defendant-appellant.*

WYNN, Judge.

Defendant appeals from his sentence received after remand from this Court on convictions for two counts of first-degree kidnapping, two counts of robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, and felony breaking and/or entering. After a careful review of Defendant's arguments and the record before us, we find no error.

On 22 June 2004, Defendant Shannon Keith Moffitt was found guilty of conspiracy to commit robbery with a dangerous weapon, two counts of robbery with a dangerous weapon, two counts of first-degree kidnapping, and felonious breaking and/or entering. The trial court, Judge Henry E. Frye, Jr., entered judgment and sentenced Defendant to a presumptive range sentence of thirty-four to fifty months' imprisonment for the conspiracy conviction. Judge Frye consolidated the other charges for judgment and found as an aggravating factor that Defendant "induced others to participate in the commission of the offense; occupied position of leadership or dominance of the other participants in the commission of the offense." The trial judge then imposed a consecutive, aggravated range sentence of one hundred forty-five to one hundred eighty-three months' imprisonment for those consolidated charges of two counts of first-degree kidnapping, two counts of robbery with a dangerous weapon, and felony breaking and/or entering.

On Defendant's appeal from that conviction and sentence, this Court found no error in his convictions but remanded for resentencing "based on erroneous imposition of the aggravated sentence" because the trial court, and not the jury, found the aggravating factor used to increase his sentence. *State v. Moffitt*, 177 N.C. App. 149, 627 S.E.2d 685 (unpublished, No. COA05-545, 4 April 2006). On 5 June 2006, Defendant was resentenced by Judge Frye, who imposed a mitigated range sentence of seventy to ninety-three months' imprisonment on the two first-degree kidnapping charges and another, consecutive mitigated range sentence of sixty-one to eighty-three months' imprisonment for the consolidated charges of two counts of robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, and felony breaking and/or entering.

Defendant now appeals, arguing that (I) the trial court erred by refusing to recuse himself as the sentencing judge; (II) the trial court erred by imposing two separate sentences on charges that had previously been consolidated in an earlier sentencing; and (III) the imposition of consecutive sentences for first-degree kidnapping and robbery with a dangerous weapon violated his constitutional rights.

I.

[1] Defendant first argues that the trial court erred by refusing to recuse himself when he was the same judge who had previously sentenced Defendant and was therefore aware of a plea arrangement that Defendant had rejected. Defendant contends that the trial court's failure to recuse himself violated Defendant's right to an impartial judge and due process. We disagree.

North Carolina General Statute § 15A-1223 reads in pertinent part:

(b) A judge, on motion of the State or the defendant, must disqualify himself from presiding over a criminal trial or other criminal proceeding if he is:

(1) Prejudiced against the moving party or in favor of the adverse party; or

. . .

(4) For any other reason unable to perform the duties required of him in an impartial manner.

(c) A motion to disqualify must be in writing and must be accompanied by one or more affidavits setting forth facts relied upon to show the grounds for disqualification.

N.C. Gen. Stat. § 15A-1223 (2005). Further, such written motion "must be filed no less than five days before the time the case is called for trial unless good cause is shown for failure to file within that time." *Id.* at § 15A-1223(d).

As acknowledged by Defendant in his brief, his request to the trial court to recuse himself was made only orally, not in writing as required by statute. Nothing in the record before us meets the definition of "good cause" sufficient to excuse Defendant's failure to comply with the statute. Additionally, a mere allegation of bias or prejudice is inadequate to compel recusal; rather, the burden is on the party requesting the recusal to "demonstrate objectively that grounds

for disqualification actually exist." *In re Nakell*, 104 N.C. App. 638, 647, 411 S.E.2d 159, 164 (1991) (citation and quotation omitted), *disc. review denied*, 330 N.C. 851, 413 S.E.2d 556 (1992). Thus, a defendant must show "bias, prejudice, or interest . . . refer[ring] to the personal disposition or mental attitude of the trial judge, either favorable or unfavorable, toward a party to the action before him," *State v. Scott*, 343 N.C. 313, 325, 471 S.E.2d 605, 612 (1996), such that "a reasonable man knowing all of the circumstances would have doubt about the judge's ability to rule . . . in an impartial manner." *State v. Poole*, 305 N.C. 308, 321, 289 S.E.2d 335, 343 (1982) (quotation omitted); *see also State v. McRae*, 163 N.C. App. 359, 365, 594 S.E.2d 71, 76, *disc. review denied*, 358 N.C. 548, 599 S.E.2d 911 (2004); *State v. Kennedy*, 110 N.C. App. 302, 304-06, 429 S.E.2d 449, 451-52 (1993).

Defendant has made no such showing here. The trial court's statements quoted by Defendant indicate only that Judge Frye was refreshing his memory as to Defendant's case and do not suggest he had any bias or prejudice against Defendant; his comments were neutral and did not reflect any opinion, either favorable or unfavorable, toward Defendant. This assignment of error is accordingly overruled.

II.

[2] Defendant next argues that the trial court erred by imposing two separate sentences on charges that had previously been consolidated in an earlier sentencing proceeding. Defendant specifically contends that he was sentenced more severely on remand from this Court. We disagree.

North Carolina General Statute § 15A-1335 provides:

> When a conviction or sentence imposed in superior court has been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence less the portion of the prior sentence previously served.

N.C. Gen. Stat. § 15A-1335 (2005). Nevertheless, while that statute "prohibits trial courts from imposing stiffer sentences upon remand than originally imposed, nothing prohibits the trial court from changing the way in which it consolidated convictions during a sentencing hearing prior to remand." *State v. Ransom*, 80 N.C. App. 711, 713, 343 S.E.2d 232, 234, *cert. denied*, 317 N.C. 712, 347 S.E.2d 450 (1986).

Here, Defendant was initially sentenced to a term of thirty-four to fifty months' imprisonment on the conspiracy charge, and a consecutive term of one hundred forty-five to one hundred eighty-three months' imprisonment on the consolidated charges of two counts of first-degree kidnapping, two counts of robbery with a dangerous weapon, and felony breaking and/or entering. On remand, the trial court consolidated the charges differently, sentencing Defendant to seventy to ninety-three months' imprisonment on the two counts of first-degree kidnapping and to a consecutive term of sixty-one to eighty-three months' imprisonment for the conspiracy charge, the felony breaking and/or entering charge, and the two counts of robbery with a dangerous weapon.

Thus, in the first sentencing, Defendant was sentenced to a total of one hundred seventy-nine to two hundred thirty-three months' imprisonment, while in the resentencing, he received a total term of one hundred thirty-one to one hundred seventy-six months' imprisonment. Defendant did not receive a more severe sentence on remand and has failed to show any error in the trial court's decision to consolidate the charges differently for resentencing. Accordingly, this assignment of error is overruled.

III.

[3] Finally, Defendant contends that the imposition of consecutive sentences for first-degree kidnapping and robbery with a dangerous weapon violated his constitutional rights because the robbery charge was an element of the kidnapping charge. We disagree.

As noted by Defendant in his brief, our state Supreme Court has previously rejected the argument that separate sentences for kidnapping and other felonies violate the constitutional prohibition against double jeopardy, holding that, "In order to prove kidnapping it was only necessary to prove a *purpose* of robbery or the other felonies, *not the commission of the felonies themselves." State v. Williams*, 295 N.C. 655, 659-60, 249 S.E.2d 709, 713-14 (1978) (emphasis added), *superseded by statute on other grounds, State v. Jerrett*, 309 N.C. 239, 307 S.E.2d 339 (1983).

Moreover, we observe that only Defendant's resentencing is before us on appeal, not the judgments for the underlying convictions. Given that a jury had already concluded that there was sufficient evidence to find Defendant guilty of the separate offenses of first-degree kidnapping and robbery with a dangerous weapon, the

trial court was bound to enter sentences for those separate convictions. *See* N.C. Gen. Stat. § 15A-1340.17 (2005) (punishment limits for each class of offense and prior record level). This assignment of error is accordingly dismissed.

No error.

Judges TYSON and CALABRIA concur.