STATE OF NORTH CAROLINA v. RONNIE LAMAR DANIELS, Defendant

No. COA09-728

(Filed 6 April 2010)

**1. Sentencing— resentencing—more severe term**

The trial court erred when resentencing defendant for first-degree rape by imposing a sentence that exceeded the original term. Although the State argues that the court should consider

defendant's sentences in the aggregate, the plain language of N.C.G.S. § 15A-1335 states that the trial court may not impose a more severe sentence for the same offense. There is no indication that the statute was altered by the passage of the Structured Sentencing Act.

**2. Sentencing— resentencing—appeal of right—minimum sentence determinative**

Defendant had no appeal as a matter of right from a sentence for second-degree kidnapping that was at the top of the presumptive range after the court found one mitigating factor and no aggravating factors. It is defendant's minimum sentence that determines whether N.C.G.S. § 15A-1444(a) is applicable; here, defendant's minimum sentence was within the presumptive range even though the maximum term entered the aggravated range. Defendant did not petition for *certiorari*.

Appeal by defendant from judgments entered 11 December 2008 by Judge Richard T. Brown in Superior Court, Hoke County. Heard in the Court of Appeals on 29 October 2009.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Kathleen N. Bolton, for the State.*

*Cheshire, Parker, Schneider, Bryan & Vitale, by John Keating Wiles, for defendant-appellant.*

STROUD, Judge.

Ronnie Lamar Daniels ("defendant") appeals from the trial court's judgments sentencing him for convictions for first-degree rape and second-degree kidnapping. Because the trial court's resentencing of defendant for his first-degree rape conviction exceeded his original sentence, we vacate defendant's sentence as to his first-degree rape conviction and remand for a new sentencing hearing. Additionally, because defendant was sentenced within the presumptive range for his conviction of second-degree kidnapping, we dismiss his appeal as to that issue.

I. Background

On 20 March 2007, a jury found defendant guilty of first-degree rape and first-degree kidnapping. Defendant was sentenced to consecutive terms of imprisonment of 307 to 378 months for the first-degree rape conviction and 133 to 169 months for the first-degree kidnapping conviction.

**STATE v. DANIELS**

[203 N.C. App. 350 (2010)]

On appeal, this Court held that it was error for the trial court to permit the same sexual assault to serve as the basis for defendant's convictions of first-degree rape and first-degree kidnapping. *State v. Daniels*, 189 N.C. App. 705, 709-10, 659 S.E.2d 22, 25 (2008). This Court remanded for a new sentencing hearing on the charges of first-degree rape and first-degree kidnapping with the following instructions:

> At the resentencing hearing, the trial court may 1) arrest judgment on the first-degree kidnapping conviction and resentence defendant for second-degree kidnapping, or 2) arrest judgment on the first-degree rape conviction and resentence defendant on the first-degree kidnapping conviction.

*Id.* at 710, 659 S.E.2d at 25.

This case came on for a resentencing hearing during the 8 December 2008 Criminal Administrative Session of Superior Court, Hoke County. After hearings on 9 and 11 December 2008, the trial court found as a mitigating factor, pursuant to N.C. Gen. Stat. § 15A-1340.16(e)(14), that defendant had been honorably discharged from the United States armed services, but found no aggravating factors. The trial court then sentenced defendant to a term of 370 to 453 months imprisonment for the first-degree rape conviction, arrested judgment on the first-degree kidnapping conviction, and imposed a consecutive term of 46 to 65 months imprisonment for second-degree kidnapping. Defendant gave notice of appeal in open court.

II. Defendant's Resentencing for his First-Degree Rape Conviction

[1] Defendant first contends that the trial court erred by resentencing him to a more severe sentence on remand for his conviction of first-degree rape in violation of N.C. Gen. Stat. § 15A-1335.

> When a conviction or sentence imposed in superior court has been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence less the portion of the prior sentence previously served.

N.C. Gen. Stat. § 15A-1335 (2008). Here, defendant was originally sentenced to 307 to 378 months imprisonment for his first-degree rape conviction. On remand, the trial court resentenced defendant to 370 to 453 months imprisonment for the same conviction. The trial court

credited defendant for 633 days spent in confinement, but defendant's sentence still amounts to a term of 348 months to 427 months imprisonment, greater than his original sentence. Therefore, defendant's sentence violates N.C. Gen. Stat. § 15A-1335 because it exceeds his original sentence for his first-degree rape conviction.

The State, citing *State v. Moffitt*, 185 N.C. App. 308, 648 S.E.2d 272, *disc. review denied*, 361 N.C. 700, 654 S.E.2d 707 (2007), argues that in determining whether a resentencing is more severe, the duration of the sentences should not be considered individually for each conviction but the Court should consider whether defendant's sentences in the aggregate are greater than his original sentences in the aggregate. However, as *Moffitt's* holding addressed the application of N.C. Gen. Stat. § 15A-1335 as to the trial court's consolidation of the defendant's multiple convictions at his resentencing hearing, and defendant's convictions here were not consolidated, we find *Moffit* inapplicable. *See id* at 312, 648 S.E.2d at 274 (holding that while N.C. Gen. Stat. § 15A-1335 "prohibits trial courts from imposing stiffer sentences upon remand than originally imposed, nothing prohibits the trial court from changing the way in which it consolidated convictions during a sentencing hearing prior to remand").

In contrast to the State's contentions, the plain language of N.C. Gen. Stat. § 15A-1335 states that the trial court "may not impose a new sentence for *the same offense* . . . which is more severe" than the original sentence. (emphasis added). Further, this Court has held that "the prohibition against imposing more severe sentences after appeal [pursuant to] N.C. Gen. Stat. § 15A-1335 . . . applies to offenses charged and convictions thereon, not to an aggregate term of years." *State v. Nixon*, 119 N.C. App. 571, 573, 459 S.E.2d 49, 50 (1995) (citing *State v. Hemby*, 333 N.C. 331, 337, 426 S.E.2d 77, 80 (1993)).

The State argues that the rulings in *Nixon* and *Hemby* are not applicable because they were decided under the Fair Sentencing Act and defendant was sentenced under the Structured Sentencing Act. The Fair Sentencing Act was repealed in 1993 by the Structured Sentencing Act, which applies to criminal offenses in North Carolina that occur on or after 1 October 1994. *See generally State v. Ruff*, 349 N.C. 213, 216, 505 S.E.2d 579, 580 (1998). However, our Appellate Courts have not only applied the rule that N.C. Gen. Stat. § 15A-1335 "applies to offenses charged and convictions thereon and not to an aggregate term of years" in cases decided under the Fair Sentencing Act, such as *Hemby* and *Nixon*, but they have also applied this rule to cases in which the defendant was sentenced for crimes under the

Structured Sentencing Act. *See State v. Oliver*, 155 N.C. App. 209, 211, 573 S.E.2d 257, 258 (2002) (holding that "[w]hen multiple sentences are involved, N.C.G.S. § 15A-1335 bars the trial court from imposing an increased sentence for any of the convictions, even if the total term of imprisonment does not exceed that of the original sentence"), *appeal dismissed and disc. review denied*, 357 N.C. 254, 583 S.E.2d 45 (2003). Further, there is no indication by our Legislature in N.C. Gen. Stat. § 15A-1335 or statutes enacted under the Structured Sentencing Act that N.C. Gen. Stat. § 15A-1335 was altered when our Legislature enacted the Structured Sentencing Act. Therefore, we are not persuaded by the State's argument.

Accordingly, we vacate defendant's sentence as to his conviction for first-degree rape and remand for a new sentencing hearing, with the instruction that defendant's resentencing for this conviction may not exceed his original sentence of 307 to 378 months of imprisonment, "less the portion of the prior sentence previously served." N.C. Gen. Stat. § 15A-1335.

III. Defendant's Sentencing for Second-Degree Kidnapping

[2] Defendant next contends that the trial court abused its discretion by sentencing him at the top of the presumptive range for his conviction for second-degree kidnapping, after having found one mitigating factor and no aggravating factors.

A defendant who has been found guilty, or entered a plea of guilty or no contest to a felony, is entitled to appeal as a matter of right the issue of whether his or her sentence is supported by evidence introduced at the trial and sentencing hearing *only if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense.* Otherwise, the defendant is not entitled to appeal this issue as a matter of right but may petition the appellate division for review of this issue by writ of certiorari.

N.C. Gen. Stat. § 15A-1444(a1) (2008) (emphasis added).

On remand, the trial court arrested judgment on defendant's first-degree kidnapping verdict and imposed a sentence of 46 to 65 months for second-degree kidnapping. N.C. Gen. Stat. § 14-39(b) (2008) states that second-degree kidnapping is a class E felony. Pursuant to N.C. Gen. Stat. § 15A-1340.14 (2008), defendant was determined to have a prior record level of IV, based on his prior record points. N.C. Gen. Stat. § 15A-1340.17(c) (2008) states that the presumptive range of

punishment for a defendant convicted of a class E felony and with a prior record level of IV is a minimum of 37 months of imprisonment to a maximum of 46 months of imprisonment. It is defendant's "minimum sentence of imprisonment[,]" that determines whether N.C. Gen. Stat. § 15A-1444(a1) is applicable. Defendant's minimum sentence of 46 months imprisonment is still within the presumptive range, even though it is at the top of the presumptive range and his maximum term overlapped into the aggravated range. *See State v. Ramirez*, 156 N.C. App. 249, 259, 576 S.E.2d 714, 721, (holding that the defendant was properly sentenced in the presumptive range, even though the defendant's sentence was in an area where the presumptive range and the aggravated range overlapped), *disc. review denied*, 357 N.C. 255, 583 S.E.2d 286 (2003). Because defendant's sentence for second-degree kidnapping was within the presumptive range, he had no direct appeal as a matter of right. N.C. Gen. Stat. § 15A-1444(a1); *see State v. McDonald*, 163 N.C. App. 458, 468, 593 S.E.2d 793, 799, (This Court citing N.C. Gen. Stat. § 15A-1444(a1) declined to address defendant's contentions as to his sentencing because defendant was sentenced in the presumptive range and therefore had "no direct appeal as a matter of right."), *cert. denied*, 358 N.C. 548, 599 S.E.2d 910 (2004); *State v. Brown*, 146 N.C. App. 590, 593, 553 S.E.2d 428, 430 (2001) (Because the defendant was sentenced within the presumptive range he was "not entitled as a matter of right to appeal his sentence."), *appeal dismissed and disc. review denied*, 356 N.C. 306, 570 S.E.2d 734 (2002).

Although N.C. Gen. Stat. § 15A-1444(a1) also provides that a defendant "may petition the appellate division for review of this issue by writ of certiorari[,]" defendant here made no petition to review his resentencing by writ of certiorari. Therefore, we decline to review defendant's appeal as to his sentencing for his conviction of second-degree kidnapping by writ of certiorari. *See State v. Knight*, 87 N.C. App. 125, 131, 360 S.E.2d 125, 129 (1987). (declining to review sentence by certiorari where no petition for writ of certiorari was filed).

Accordingly, we dismiss this portion of defendant's appeal.

### IV. Conclusion

As the trial court erred in resentencing defendant for his conviction of first-degree rape to a more severe sentence than his original sentence, we vacate his sentence for first-degree rape and remand for a new sentencing hearing. As defendant's sentence for second-degree

kidnapping was within the presumptive range, we dismiss his appeal as to that issue.

VACATED, REMANDED IN PART AND DISMISSED IN PART.

Judges STEPHENS and BEASLEY concur.