STATE v. WAGNER

[148 N.C. App. 658 (2002)]

---

STATE OF NORTH CAROLINA v. BELVIN E. WAGNER

No. COA01-144

(Filed 19 February 2002)

**1. Constitutional Law— due process—prosecutorial vindictiveness**

A defendant's due process rights were not violated based on alleged prosecutorial vindictiveness even though defendant was indicted for the additional crime of felonious possession of drug paraphernalia after defendant successfully challenged his guilty plea for his initial conviction for attempted possession of cocaine while having a status as an habitual felon based on an error in the calculation of his sentence, because: (1) the timing of the indict-

ment by itself does not necessarily lead to a conclusion that the indictment was likely to have been brought for a retaliatory purpose; (2) when a guilty plea is set aside, the State is entitled to evaluate all of the facts and circumstances in order to determine what charges it should proceed with against a defendant, and the decision to bring an additional indictment is likely attributable to this evaluation process rather than to a retaliatory motive; and (3) the prosecutor who sought the felonious possession of drug paraphernalia indictment had not previously been involved in defendant's case.

**2. Sentencing— bargained-for guilty plea set aside**

A defendant's consecutive sentences of 135 to 171 months for felonious possession of drug paraphernalia, attempted possession of cocaine, and his status of being an habitual felon did not violate the express provisions of N.C.G.S. § 15A-1335 after defendant's bargained-for guilty plea and sentence of 101 to 131 months had been set aside, because: (1) the setting aside of defendant's plea agreement returned the parties to the pretrial setting, and thus, the trial court was not faced with resentencing but instead with sentencing defendant anew; and (2) any application of N.C.G.S. § 15A-1335 to his sentence would have effectively allowed defendant to keep the benefits of his original plea agreement while at the same time permitting him to proceed to trial.

Judge WYNN dissenting.

Appeal by defendant from judgment entered 17 October 2000 by Judge W. Douglas Albright in Forsyth County Superior Court. Heard in the Court of Appeals 5 December 2001.

*Attorney General Roy Cooper, by Assistant Attorney General Joan M. Cunningham, for the State.*

*J. Clark Fischer for defendant-appellant.*

WALKER, Judge.

Defendant appeals his conviction and sentence as an habitual felon for attempted possession of cocaine and felonious possession of drug paraphernalia. The pertinent facts are as follows: On 18 July 1998, officers of the Winston-Salem Police Department's Street Drug Enforcement Unit conducted an undercover operation designed to target drug buyers. As part of this operation, an officer posed as a

street drug dealer and sold counterfeit crack cocaine to soliciting customers. At approximately 5:00 p.m. that day, defendant approached an undercover officer and asked for some "breaks" (a street term for a small piece of crack cocaine broken from a larger piece). The officer displayed three counterfeit pieces and asked defendant, "How much?" Defendant responded that he had $30, and a sale of three counterfeit pieces resulted. Defendant was searched and officers retrieved the three counterfeit pieces and a chrome pipe commonly used for smoking crack cocaine. Defendant was arrested for attempted possession of cocaine and possession of drug paraphernalia.

At the time of defendant's arrest, the Forsyth County District Attorney's Office had procedures in place which sought to expedite repeat offenders' cases by offering them a mitigated sentence if they agreed early in the process to plead guilty. Pursuant to a plea agreement, on 17 August 1998, defendant appeared before the trial court and, based on a bill of information, entered a guilty plea to attempted possession of cocaine while having a status as an habitual felon. He then received a mitigated sentence of 101 to 131 months.

Approximately one year later, defendant filed a Motion for Appropriate Relief (MAR) alleging an error in the calculation of his sentence. On 2 May 2000, the trial court granted defendant's MAR, vacating his guilty plea and setting aside his sentence. Thereafter, defendant's case was assigned to another prosecutor, who, after reviewing the file, obtained indictments which charged defendant with attempted possession of cocaine, felonious possession of drug paraphernalia, and being an habitual felon. This prosecutor then offered defendant a second plea agreement which would have resulted in a sentence identical to the one he had previously received. However, defendant rejected the offer and moved to dismiss the indictment for felonious possession of drug paraphernalia. The trial court denied defendant's motion and he was convicted of both charges. After defendant was determined to have the status of habitual felon on each charge, he received consecutive sentences of 135 to 171 months.

With his appeal, defendant raises two issues: (1) whether his being indicted for felonious possession of drug paraphernalia was the result of prosecutorial vindictiveness; and (2) whether his being sentenced to consecutive terms of 135 to 171 months violates the expressed provisions of N.C. Gen. Stat. § 15A-1335.

## I. Prosecutorial Vindictiveness

[1] Defendant first contends his being indicted for felonious possession of drug paraphernalia violates his right to due process in that it was the result of prosecutorial vindictiveness. He maintains that since the indictment was only intended to punish him for having successfully challenged his prior sentence, it should have been dismissed.

Defendant bases his argument on *North Carolina v. Pearce*, 395 U.S. 711, 23 L. Ed. 2d 656 (1969), a U.S. Supreme Court case which arose out of this State. *Pearce* and its progeny form the framework from which a court is to determine whether a defendant has been unconstitutionally penalized for exercising a protected statutory or constitutional right. *See Blackledge v. Perry*, 417 U.S. 21, 40 L. Ed. 2d 628 (1974); *Bordenkircher v. Hayes*, 434 U.S. 357, 54 L. Ed. 2d 604 (1978); *United States v. Goodwin*, 457 U.S. 368, 73 L. Ed. 2d 74 (1982); *and Alabama v. Smith*, 490 U.S. 794, 104 L. Ed. 2d 865 (1989). In *Pearce*, the Court held due process of law requires that "vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Pearce*, 395 U.S. at 725, 23 L. Ed. 2d at 669. Accordingly, in cases involving allegations of prosecutorial vindictiveness, a defendant is constitutionally entitled to relief from judgment if he can show through objective evidence that either: (1) his prosecution was *actually* motivated by a desire to punish him for doing what the law clearly permits him to do, or (2) the circumstances surrounding his prosecution are such that a vindictive motive may be presumed and the State has failed to provide affirmative evidence to overcome the presumption. *See Goodwin*, 457 U.S. at 374-76, 73 L. Ed. 2d at 81-82; *see also United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001). Here, defendant concedes he has no direct evidence of actual vindictiveness on the part of the prosecutor. Rather, he urges this Court to presume a vindictive motive from the circumstances leading up to his felonious possession of drug paraphernalia indictment.

In *Blackledge*, the U.S. Supreme Court noted "the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal but only by those that pose a realistic likelihood of 'vindictiveness.' " *Blackledge*, 417 U.S. at 27, 40 L. Ed. 2d at 634. Consequently, prosecutorial vindictiveness is to be presumed only where the circumstances reasonably suggest a conclusion that the charges brought were likely the result of a retaliatory motive. *Goodwin*, 457 U.S. at 375, 73 L. Ed. 2d at 82. Further, the prophylac-

tic nature of the presumption is such that its imposition is warranted only when it is applicable to *all* cases which present the same circumstances. *Id.* at 381, 73 L. Ed. 2d at 85; *see also Wilson,* 262 F.3d at 315. For example, *Blackledge* holds a presumed motive of vindictiveness exists in all cases where a defendant appeals a misdemeanor conviction, entitling him to a trial *de novo,* and the State subsequently charges him with a felony for the same conduct. *Blackledge,* 417 U.S. at 28-29, 40 L. Ed. 2d at 634-35. The Court reasoned the presumption is warranted since, under the circumstances, the State, when it brought the subsequent felony charge, was operating within the same general considerations as it had when it brought the misdemeanor charge. Thus, absent any other explanation, the difference in charges was presumed to have been vindictively motivated. *Id.* at 27, 40 L. Ed. 2d at 634.

However, in *Smith,* the U.S. Supreme Court held the mere fact that a defendant received a greater sentence following a trial after he had successfully challenged a guilty plea did not warrant a similar presumption. *Smith,* 490 U.S. at 795, 104 L. Ed. 2d at 870. There, the Court reasoned that in many such cases the greater sentence was more likely attributed to factors which were not considered at the time of the guilty plea but had been following a trial. *Id.* at 801, 104 L. Ed. 2d at 873-74.

With this background in mind, we turn to whether the circumstances presented in this case present a realistic likelihood of vindictiveness for all similarly situated cases. Defendant relies on two facts which he contends are sufficient to support such a presumption: (1) the State did not proceed on the charge of felonious possession of drug paraphernalia in the plea agreement but only after he successfully challenged his guilty plea, and (2) the present indictment was based upon facts known by the State for more than two years.

At its core, defendant's argument centers on the timing of his indictment for felonious possession of drug paraphernalia. Although the State could have originally sought an indictment for this offense after his arrest, it did so only after he successfully challenged his guilty plea. This timing, by itself, does not necessarily lead to a conclusion that the indictment was likely to have been brought for a retaliatory purpose. When a guilty plea is set aside, the State is entitled to evaluate all of the facts and circumstances in order to determine what charges it should proceed with against a defendant. Therefore, the decision to bring an additional indictment is likely

to be attributable to this evaluation process rather than to a retaliatory motive. *See generally Goodwin,* 457 U.S. at 381, 73 L. Ed. 2d at 85.

Defendant's case reflects this proposition. The initial prosecutor, desiring to expedite the case, elected to forego indicting defendant but instead proceeded on a bill of information. A plea agreement was then offered to defendant by which he would only plead guilty to the charge of attempted possession of cocaine. After defendant successfully challenged his guilty plea, a second prosecutor evaluated the evidence and determined that defendant should be indicted for felonious possession of drug paraphernalia, attempted possession of cocaine, and being an habitual felon. He then offered defendant a plea agreement with terms whereby the sentence would not exceed the previous sentence. These actions on the part of the State cannot be said to have likely been the product of a vindictive motive but rather the result of an evaluation of the evidence and how defendant's case should proceed to trial. This is especially true in light of our criminal justice system's respect for the exercise of prosecutorial discretion which itself enjoys a "background presumption" of regularity. *See generally United States v. Armstrong,* 517 U.S. 456, 464, 134 L. Ed. 2d 687, 698 (1996); *and Bordenkircher,* 434 U.S. at 364, 54 L. Ed. 2d at 611 ("In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion").

Additionally, the facts and circumstances here are at odds with those present in the cases where a presumption of vindictiveness was found. Most notably, in *Pearce* and *Blackledge,* the individuals directly involved were presumed to have a vindictive motive by reason of having a personal stake in the outcome of the defendant exercising his protected right. Thus, the Court determined they were likely to engage in self-vindication. In contrast, here the prosecutor who sought the felonious possession of drug paraphernalia indictment had not previously been involved in defendant's case. Indeed, the record shows the prosecutor who had been involved was no longer with the Forsyth County District Attorney's Office. Accordingly, we conclude that while *Pearce* and *Blackledge* are instructive as to when a vindictive motive is to be presumed, their holdings do not control the disposition of this case.

STATE v. WAGNER

[148 N.C. App. 658 (2002)]

Finally, defendant suggests the failure to apply a presumption of vindictiveness to his case would deter future defendants from exercising their rights to challenge improper sentences. However, the due process concerns of *Pearce* and *Blackledge* "lay not in the possibility that a defendant might be deterred from the exercise of a legal right . . . but rather in the danger that the State might be retaliating against the accused for lawfully attacking his conviction." *Bordenkircher*, 434 U.S. at 363, 54 L. Ed. 2d at 610 (internal citations omitted). Defendant's assertion must be weighed against the State's discretion to re-evaluate the evidence once a guilty plea is set aside and to make a decision on what charges to pursue. We decline to presume prosecutorial vindictiveness on the part of the State; therefore, in light of the absence of any evidence of actual vindictiveness, we overrule defendant's assignment of error.

## II. Violation of N.C. Gen. Stat. § 15A-1335

[2] Defendant next contends his consecutive sentences of 135 to 171 months violate the expressed provisions of N.C. Gen. Stat. § 15A-1335 which states:

> When a conviction or sentence imposed in superior court has been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence less the portion of the prior sentence previously served.

N.C. Gen. Stat. § 15A-1335 (1999). Defendant maintains that pursuant to this statute, the maximum sentence he could have received for his two convictions would be 101 to 131 months or the same sentence he had previously received.

In order to properly address defendant's argument, we are to consider each of defendant's convictions and corresponding sentence separately to determine whether the restrictions set forth in N.C. Gen. Stat. § 15A-1335 apply. *State v. Hemby*, 333 N.C. 331, 332, 426 S.E.2d 77 (1993); *State v. Nixon*, 119 N.C. App. 571, 573, 459 S.E.2d 49, 51 (1995). Defendant does not dispute his status as an habitual felon or that the trial court properly calculated his prior criminal record. Nevertheless, he contends that because he successfully challenged his prior guilty plea, N.C. Gen. Stat. § 15A-1335 applies and prohibits the trial court from imposing a sentence for his two convictions which would be more severe than his original sentence of 101 to 131 months.

STATE v. WAGNER

[148 N.C. App. 658 (2002)]

In support of his argument, defendant cites our Supreme Court's decision in *Hemby* and this Court's decision in *State v. Mitchell*, 67 N.C. App. 549, 313 S.E.2d 201 (1984). However, neither *Hemby* nor *Mitchell* involved the imposition of a sentence after a bargained-for guilty plea had been set aside. To the contrary, in both cases the defendant had been convicted and sentenced, and, following a successful appeal, had his case remanded for re-sentencing. Under such circumstances N.C. Gen. Stat. § 15A-1335 requires that "on resentencing, a trial judge cannot impose a term of years greater than the term of years imposed by the original sentence. . . ." *Mitchell*, 67 N.C. App. at 551, 313 S.E.2d at 202.

We find that defendant's case is notably distinguishable from *Hemby* and *Mitchell*. Unlike those cases, the setting aside of defendant's plea agreement returned the parties to the pre-trial setting. *See generally State v. Mercer*, 84 N.C. App. 623, 628, 353 S.E.2d 682, 685 (1987). Thus, upon his conviction on both charges, the trial court was not faced with re-sentencing but instead with sentencing defendant anew. Furthermore, any application of N.C. Gen. Stat. § 15A-1335 to his sentence would have effectively allowed defendant to keep the benefits of his original plea agreement, while at the same time permitting him to proceed to trial. Therefore, we conclude N.C. Gen. Stat. § 15A-1335 is not available to defendant in this case.

In sum, we conclude defendant's indictment for felonious possession of drug paraphernalia was not the result of vindictive prosecution and find no error in defendant's sentence.

No error.

Judge THOMAS concurs.

Judge WYNN dissents.

WYNN, Judge dissenting.

It is undisputed that defendant's initial sentence and guilty plea were vacated as a result of the trial court improperly assigning defendant a prior record level of VI instead of his actual prior record level of V. Defendant thus received "the minimum mitigated sentence of 101 months for his criminal history" of Level VI, when defendant's actual prior record level of V would translate to a minimum mitigated sentence of 90 months. Because defendant challenged this inaccu-

racy, he ended up being sentenced to two consecutive terms of 135 to 171 months, when the State, in defendant's second trial, indicted him on the additional charge of felonious possession of drug paraphernalia, of which he was found guilty.

But for the mere fact that defendant chose to exercise his right to challenge his improperly-calculated initial sentence by filing a motion for appropriate relief, he would be serving a lesser sentence (even considering that defendant's original sentence was excessive given the error in calculating his prior record level). Defendant is essentially being punished for attempting to correct a sentencing error made not by him, but by the trial court.

In my view, the State's conduct in charging defendant with an additional offense following his successful appeal, based on the same conduct for which he was originally sentenced, contravened the United States Supreme Court's holding in *Blackledge v. Perry*, 417 U.S. 21, 40 L. Ed. 2d 628 (1974), as well as N.C. Gen. Stat. § 15A-1335 (1999) (generally embodying the rule of *North Carolina v. Pearce*, 395 U.S. 711, 23 L. Ed. 2d 656 (1969)) and our courts' interpretations thereof. *See State v. Harris*, 115 N.C. App. 42, 444 S.E.2d 226 (1994) (holding that, where the defendant's original sentence was the result of a negotiated plea agreement, the trial court did not err by correcting an error on the judgments and re-sentencing the defendant according to his original plea agreement); *see also State v. Nixon*, 119 N.C. App. 571, 459 S.E.2d 49 (1995).[1]

As I believe that the majority's decision in effect punishes defendant for challenging his improperly determined sentence, and accordingly chills the exercise of the right to appeal by similarly-situated individuals, I dissent.

---

1. It is unclear why the trial court, in considering defendant's motion for appropriate relief, vacated both defendant's original sentence as well as his guilty plea, rather than simply vacating the sentence and re-sentencing defendant according to his prior record level V, rather than level VI. What is clear is that simply correcting defendant's sentence to reflect his prior record level V would not have violated his original plea arrangement. *See Harris*.