IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-215

Filed: 7 January 2020

Henderson County, Nos. 16-CRS-901-07, 18-CRS-133-38

STATE OF NORTH CAROLINA,

v.

LEONARD SCHALOW, Defendant.

Appeal by Defendant from order entered 7 August 2018 by Judge W. Robert Bell in Henderson County Superior Court. Heard in the Court of Appeals 17 September 2019.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Joseph L. Hyde, for the State-Appellee.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Daniel Shatz, for Defendant-Appellant.*

COLLINS, Judge.

Defendant Leonard Schalow appeals from the trial court's 7 August 2018 order denying his motion to dismiss the charges against him. Defendant contends that the trial court erred by denying his motion to dismiss because: (1) the State violated his rights under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article I, Section 19 of the North Carolina Constitution by bringing the charges against him; (2) the State violated his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and

Article I, Section 19 of the North Carolina Constitution by vindictively prosecuting the charges against him; and (3) the State impermissibly failed to join the charges in his earlier prosecution as required by N.C. Gen. Stat. § 15A-926. Because we conclude that Defendant is entitled to a presumption of prosecutorial vindictiveness that the State has failed to overcome and that the charges brought against him should have been dismissed pursuant to N.C. Gen. Stat. § 15A-926, we reverse and remand.

## I.     Background

In late February 2014, warrants issued for Defendant's arrest for the alleged commission of various acts of violence against his wife, Erin Schalow. These warrants found probable cause to arrest Defendant for (1) assault on a female (N.C. Gen. Stat. § 14-33(C)(2)), (2) assault inflicting serious injury with a minor present (N.C. Gen. Stat. § 14-33(D)), (3) assault with a deadly weapon (N.C. Gen. Stat. § 14-33(C)(1)), (4) assault by strangulation (N.C. Gen. Stat. § 14-32.4(B)), and (5) assault inflicting serious bodily injury (N.C. Gen. Stat. § 14-32.4).

Defendant was indicted on 10 March 2014 under file number 14 CRS 50887 for "ATTEMPT [sic] FIRST DEGREE MURDER" for "unlawfully, willfully and feloniously . . . attempt[ing] to murder and kill Erin Henry Schalow" (the "First Prosecution"). The State subsequently dismissed the other charges pending against Defendant.

Following the empanelment of a jury and the presentation of evidence on the "ATTEMPT [sic] FIRST DEGREE MURDER" charge, the trial court noted that the indictment failed to allege malice aforethought, a required element of attempted first-degree murder under the short-form indictment statute, N.C. Gen. Stat. § 15-144. Over Defendant's objection that the indictment sufficiently alleged attempted voluntary manslaughter under N.C. Gen. Stat. § 15-144 and that jeopardy had attached once the jury was empaneled, the trial court declared a mistrial and dismissed the indictment as fatally defective.

On 18 May 2015, Defendant was re-indicted under file number 15 CRS 50922, again for "ATTEMPT [sic] FIRST DEGREE MURDER[,]" this time for "unlawfully, willfully and feloniously . . . with malice aforethought attempt[ing] to murder and kill Erin Henry Schalow by torture" (the "Second Prosecution"). Defendant moved to dismiss on 22 May 2015 arguing, *inter alia*, that because jeopardy had attached in the First Prosecution on the dismissed indictment for attempted voluntary manslaughter, the Double Jeopardy Clause prohibited the State from prosecuting him for the greater offense of attempted first-degree murder. Following a hearing, the trial court denied Defendant's motion. Defendant was subsequently tried, convicted, and sentenced to 157 to 201 months' imprisonment.

Defendant appealed to this Court. In *State v. Schalow*, 251 N.C. App. 334, 354, 795 S.E.2d 567, 580 (2016) ("*Schalow I*"), *disc. review improvidently allowed*, 370 N.C.

525, 809 S.E.2d 579 (2018), we held that Defendant's indictment, prosecution, trial, and conviction in the Second Prosecution violated Defendant's double-jeopardy rights, and accordingly vacated the conviction and underlying indictment.

On 4 January 2017, the State obtained additional indictments against Defendant for 14 counts of felony child abuse (N.C. Gen. Stat. § 14-318.4(a5)). The following day, the State petitioned our Supreme Court to review *Schalow I*. On 9 January 2017, Henderson County District Attorney Greg Newman was quoted in the press saying: "If . . . the Supreme Court refuses to take up the case, then I have a plan in place to address that circumstance and will take additional action to see that [Defendant] is held accountable for his actions. . . . I will do everything that I can to see that [Defendant] remains in custody for as long as possible."

On 6 March 2018, after our Supreme Court determined discretionary review had been improvidently allowed in *Schalow I*, Newman was quoted on Facebook as saying that "things do not always go our way, so I will make my adjustments and prosecute [Defendant] again" and that "[Defendant] will not get out of custody, but will instead be sent back to the Henderson County jail where new felony charges await him. My goal is to have [Defendant] receive a comparable sentence to the one originally imposed" in the Second Prosecution. On 19 March 2018, Defendant was indicted for three counts of assault with a deadly weapon with intent to kill inflicting serious injury (N.C. Gen. Stat. § 14-32(a)) ("ADWIKISI"), two counts of assault

inflicting serious bodily injury (N.C. Gen. Stat. § 14-32.4(a)) ("AISBI"), and one count of assault by strangulation (N.C. Gen. Stat. § 14-32.4(b)) ("ABS"). Like the charges at issue in the First and Second Prosecutions, the new child abuse and assault charges are all based upon various acts of violence that Defendant allegedly committed against his wife in 2014.

On 19 July 2018, Defendant moved to dismiss the new charges on grounds of, *inter alia*, double jeopardy, vindictive prosecution, and statutory joinder. Following a hearing, the trial court denied Defendant's motion. Defendant filed a petition for a writ of certiorari seeking immediate review of the order denying his motion to dismiss, which we allowed.

## II. Discussion

Defendant contends that the trial court erred by denying his motion to dismiss because (1) the State violated his double-jeopardy rights by bringing the new charges; (2) the State violated his due-process rights by vindictively prosecuting the new charges against him; and (3) the State impermissibly failed to join the new charges as required by N.C. Gen. Stat. § 15A-926.

### A. Vindictive Prosecution

In *North Carolina v. Pearce*, 395 U.S. 711 (1969), *limited by Alabama v. Smith*, 490 U.S. 794 (1989), the United States Supreme Court reviewed the constitutionality of a sentence given upon reconviction to a criminal defendant after the defendant had

successfully appealed from his initial conviction. An issue in *Pearce* was whether, because he was subjected upon reconviction to a greater punishment than that imposed following the first trial, the defendant's due-process rights under the Fourteenth Amendment to the United States Constitution had been violated. *Pearce*, 395 U.S. at 723-26. The Court said that an "imposition of a penalty upon the defendant for having successfully pursued a statutory right of appeal or collateral remedy would be . . . a violation of due process of law." *Id.* at 724. Noting that "vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial," the Court held that an increased sentence could not be imposed following retrial unless the sentencing judge made findings in the record providing objective justification for the increased punishment "so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." *Id.* at 725-26.

The Court later extended *Pearce*'s holding that defendants must be freed from apprehension of retaliation by sentencing judges to retaliation by prosecutors:

> A person convicted of an offense is entitled to pursue his statutory right to a trial *de novo*, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration.
>
> Due process of law requires that such a potential for vindictiveness must not enter into North Carolina's two-tiered appellate process.

*Blackledge v. Perry*, 417 U.S. 21, 28 (1974) (internal citation omitted). The *Blackledge*

Court clarified that a defendant need not show that the prosecutor actually acted in

bad faith; instead, where the reviewing court determines that "a realistic likelihood

of 'vindictiveness'" exists, a presumption of vindictiveness may be applied. *Id.* at 27-

29.

This Court has articulated the test for prosecutorial vindictiveness under

*Pearce* and its progeny as follows:

> in cases involving allegations of prosecutorial
> vindictiveness, a defendant is constitutionally entitled to
> relief from judgment if he can show through objective
> evidence that either:
>
> > (1) his prosecution was actually motivated by a
> > desire to punish him for doing what the law clearly
> > permits him to do, or
>
> > (2) the circumstances surrounding his prosecution
> > are such that a vindictive motive may be presumed
> > and the State has failed to provide affirmative
> > evidence to overcome the presumption.

*State v. Wagner*, 148 N.C. App. 658, 661, 560 S.E.2d 174, 176 (emphasis omitted),

*rev'd in part on other grounds*, 356 N.C. 599, 572 S.E.2d 777 (2002). Thus, if a

defendant shows that his prosecution was motivated by actual vindictiveness or that

the presumption of vindictiveness applies and is not overcome by the State, the

charges against the defendant and any resulting convictions must be set aside. *See*

*Blackledge*, 417 U.S. at 28-29. We review Defendant's allegations of prosecutorial

vindictiveness, like any alleged violation of constitutional rights, under a *de novo*

standard. *See State v. Graham*, 200 N.C. App. 204, 214, 683 S.E.2d 437, 444 (2009).

This is the third time that District Attorney Newman has attempted to try

Defendant for crimes based upon the same alleged conduct. Each time, Defendant

has been charged with offenses carrying "significantly increased potential period[s]

of incarceration," *Blackledge*, 417 U.S. at 28, relative to the charges he faced before:

- In the First Prosecution, Defendant was indicted for a single count of attempted voluntary manslaughter, a Class E felony, without alleged aggravating factors, which corresponds to a maximum presumptive-range sentence (at Prior Record Level I) of **42 months' imprisonment**.

- In the Second Prosecution, Defendant was indicted for a single count of attempted first-degree murder, a Class B2 felony, without alleged aggravating factors, which corresponds to a maximum presumptive-range sentence (at Prior Record Level I) of **201 months' imprisonment**.

- In the instant case, Defendant has been indicted for the following offenses, corresponding to a cumulative maximum sentence (at Prior Record Level I) of **627 months' imprisonment**:[1]

  o 14 counts of child abuse, a Class G felony, without alleged aggravating factors, resulting in a cumulative maximum presumptive-range sentence 350 months' imprisonment;

  o Three counts of ADWIKISI, a Class C felony, including alleged aggravating factors, resulting in a cumulative maximum aggravated-range sentence of 369 months'

---

[1] These calculations are based upon N.C. Gen. Stat. § 15A-1340.17, and the calculation of the cumulative maximum sentence for the new charges involves the reduction of the sentence contemplated by N.C. Gen. Stat. § 15A-1354(b)(1).

imprisonment;

○ Two counts of AISBI, a Class F felony, including alleged aggravating factors, resulting in a cumulative aggravated-range sentence 66 months' imprisonment; and

○ One count of ABS, a Class H felony, including aggravating factors, resulting in a maximum aggravated-range sentence of 19 months' imprisonment.

Therefore, the "increased potential period of incarceration" Defendant now faces relative to what he potentially faced in the Second Prosecution is *more than 35 years of incarceration* in aggregate. *Id.* And were Defendant to be convicted of the new charges and sentenced to the longest prison term legally-supportable by the indictments—i.e., as a Prior Record Level VI, at the high end of the aggravated range, for all charges—Defendant would be sentenced to a maximum of 1331 months for the new charges, relative to a maximum sentence of 592 months for the attempted first-degree murder charge, a difference of *more than 60 years of incarceration. See State v. Lucas*, 353 N.C. 568, 596, 548 S.E.2d 712, 731 (2001) ("[U]nless the statute describing the offense explicitly sets out a maximum sentence, the statutory maximum sentence for a criminal offense in North Carolina is that which results from: (1) findings that the defendant falls into the highest criminal history category for the applicable class offense and that the offense was aggravated, followed by (2) a decision by the sentencing court to impose the highest possible corresponding

minimum sentence from the ranges presented in the chart found in [N.C. Gen. Stat.] § 15A-1340.17(c).”), *overruled on other grounds by State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005).

*Blackledge* and *Wagner* stand for the proposition that where a defendant is indicted on charges carrying a “significantly increased potential period of incarceration” after the defendant “do[es] what the law clearly permits him to do”— here, appealing from the judgment in the Second Prosecution—a reviewing court may apply a presumption of vindictiveness. *Blackledge*, 417 U.S. at 28; *Wagner*, 148 N.C. App. at 661, 560 S.E.2d at 176. Such a presumption is particularly appropriate here, where the same prosecutor issued all of the relevant indictments, giving the prosecutor a “personal stake in the outcome” of defendant’s prosecution writ large that raises the prospect that the prosecutor was motivated by “self-vindication” in seeking the new indictments. *Cf. Wagner*, 148 N.C. App. at 663, 560 S.E.2d at 177 (distinguishing *Pearce* and *Blackledge* and declining to apply a presumption of prosecutorial vindictiveness, in part, because the prosecutor in *Wagner* had not previously prosecuted the defendant). Therefore, based upon the decades of additional incarceration Defendant potentially faces from the indictments in the instant case relative to what he faced from the indictment in the Second Prosecution—upon which Defendant was tried and convicted, and from which

Defendant successfully exercised his statutory right to appeal—we conclude that Defendant is entitled to a presumption of prosecutorial vindictiveness.

The State relies extensively upon this Court's decision in *State v. Rodgers*, 68 N.C. App. 358, 315 S.E.2d 492 (1984), to support its argument that a presumption of vindictiveness is not warranted where the State seeks merely to remedy "pleading defects[.]" For several reasons, *Rogers* does not help the State. First, the relevant change in the charging decision here—from a single attempted first-degree murder charge to 20 child-abuse and assault charges—did not merely amount to the clarification of "pleading defects[.]" And second, we declined to apply a presumption of vindictiveness in *Rogers*, in part, because the defendant showed "neither an increase in the number of charges brought against him nor an increase in his potential punishment under the superseding indictment." *Id.* at 379, 315 S.E.2d at 507. Here, where the State has brought 19 more charges and dramatically increased the potential punishment Defendant faces, *Rogers* is clearly distinguishable.

We therefore turn to the question of whether the State has provided affirmative evidence in rebuttal which overcomes the presumption, as contemplated by *Wagner*, 148 N.C. App. at 661, 560 S.E.2d at 176. The State has failed to provide such evidence. In fact, the only affirmative evidence in the record concerning the rationale for the prosecutor's charging decisions makes clear that the charging decisions were (1) expressly conditioned upon the outcome of the State's appeal from

*Schalow I* and (2) influenced by the prosecutor's stated determination to "do everything that [he] can to see that [Defendant] remains in custody for as long as possible." While the State argues, citing *State v. Van Trussell*, 170 N.C. App. 33, 612 S.E.2d 195 (2005), that "seeking to ensure that the defendant suffers some consequences for his criminal conduct is a sufficient—not vindictive—justification for praying judgment when a separate conviction is set aside on appeal[,]" there is nothing in the record indicating that this case involves a Prayer for Judgment Continued such as was at issue in *Van Trussell*, and the State's argument is therefore misguided.

Even assuming *arguendo* that the record evidence described above fails to show *actual* vindictiveness on behalf of the prosecutor—which we need not decide because we hold that Defendant has shown entitlement to a presumption of vindictiveness—and instead demonstrates an intent to punish Defendant for suspected criminal activity, to hold such evidence can be sufficient to overcome a presumption of vindictiveness would effectively eviscerate the presumption altogether, and thereby render *Pearce* and its progeny nugatory. *See United States v. Goodwin*, 457 U.S. 368, 372-73 (1982) ("The imposition of punishment is the very purpose of virtually all criminal proceedings. The presence of a punitive motivation, therefore, does not provide an adequate basis for distinguishing governmental action that is fully justified as a legitimate response to perceived criminal conduct from

governmental action that is an impermissible response to noncriminal, protected activity" such as appealing from a conviction). This we of course cannot do. *State v. McDowell*, 310 N.C. 61, 74, 310 S.E.2d 301, 310 (1984) (when interpreting federal constitutional rights, "a state court should exercise and apply its own independent judgment, treating, of course, decisions of the United States Supreme Court as binding"). We therefore reject the State's argument.

Because we conclude that Defendant is entitled to a presumption of prosecutorial vindictiveness and that the State has failed to overcome the presumption, dismissal of the new charges is required.

## B. Statutory Joinder

N.C. Gen. Stat. § 15A-926 ("Section 926") provides as follows, in relevant part:

> (a) Joinder of Offenses. – Two or more offenses may be joined in one pleading or for trial when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan. . . .
>
> . . . .
>
> (c) Failure to Join Related Offenses.
>
> . . . .
>
> > (2) A defendant who has been tried for one offense may thereafter move to dismiss a charge of a joinable offense. The motion to dismiss must be

made prior to the second trial,[2] and must be granted unless

> a. A motion for joinder of these offenses was previously denied, or
>
> b. The court finds that the right of joinder has been waived, or
>
> c. The court finds that because the prosecutor did not have sufficient evidence to warrant trying this offense at the time of the first trial, or because of some other reason, the ends of justice would be defeated if the motion were granted.

N.C. Gen. Stat. § 15A-926(a), (c)(2) (2018).

In *State v. Furr*, 292 N.C. 711, 235 S.E.2d 193, *cert. denied*, 434 U.S. 924 (1977), our Supreme Court entertained a challenge to indictments that the defendant argued should have been dismissed as joinable offenses under Section 926. Noting that the indictments at issue had not been returned before the prior trial purportedly requiring dismissal had begun, the *Furr* Court held that the indictments could not have been joined with the offense previously tried. *Id.* at 724, 235 S.E.2d at 201. Because it found "nothing whatever in the record to indicate that the state held the [challenged] charges in reserve pending the outcome of the [previous] trial[,]" the

---

[2] Where, as here, a second trial has already taken place, and the anticipated trial on the offenses at issue will therefore be the defendant's third or subsequent trial, the motion to dismiss contemplated by Section 926(c)(2) must be made prior to the anticipated trial that has yet to take place.

*Furr* Court held Section 926 was not applicable in that case, and overruled the defendant's argument. *Id.*

Several years later, in *State v. Warren*, 313 N.C. 254, 328 S.E.2d 256 (1985), the Court elaborated upon the language above, and set forth what we will call the "*Warren* exception":

> If a defendant shows that the prosecution withheld indictment on additional charges solely in order to circumvent the statutory joinder requirements, the defendant is entitled under [N.C. Gen. Stat. §] 15A-926(c)(2) to a dismissal of the additional charges. The defendant must bear the burden of persuasion in such cases. . . .
>
> If a defendant can show, for example, that during the first trial the prosecutor was aware of substantial evidence that the defendant had committed the crimes for which he was later indicted, this would be some evidence that the delay in bringing the later indictment was for the purpose of circumventing the statute. A showing that the State's evidence at the second trial would be the same as the evidence presented at the first would also tend to show that the prosecutor delayed indictment on the additional crimes for such purpose. A finding of either or both circumstances would support but not compel a determination by the trial court that the prosecutor withheld the additional indictment in order to circumvent the statute.

*Id.* at 260, 328 S.E.2d at 261 (emphasis omitted). The *Warren* Court added that "[w]hen reviewing the trial court's denial of the defendant's motion to dismiss . . . we may only consider the evidence before the trial court when it made its ruling at the conclusion of the pretrial hearing." *Id.*

Defendant argues that he showed both of the circumstances that the *Warren* Court said "would support but not compel a determination by the trial court that the prosecutor withheld the additional indictment[s] in order to circumvent" Section 926, *id.*, and that the trial court accordingly erred by denying his motion to dismiss. In support of his argument, Defendant points to (1) the charges the State previously dismissed in the case and (2) certain concessions the State made at the hearing on Defendant's motion to dismiss regarding the evidence to be presented to prove the new charges.

As mentioned above, Defendant was charged by arrest warrant in early 2014—before the State obtained the initial indictment in the First Prosecution for "ATTEMPT [sic] FIRST DEGREE MURDER"—with (1) assault on a female, (2) assault inflicting serious injury with a minor present, (3) assault with a deadly weapon, (4) assault by strangulation, and (5) assault inflicting serious bodily injury. These arrest warrants indicate that a magistrate found probable cause to arrest Defendant for those offenses based upon the same conduct for which Defendant is currently charged.

First, the new indictments charging Defendant with ADWIKISI are based upon the grand jury's finding that Defendant attacked his wife with a crutch and a knife, and two of the dismissed warrants charged Defendant with assault with a deadly weapon based upon probable cause that Defendant attacked his wife with a

crutch and a knife. Second, the new indictments charging Defendant with AISBI are based upon the grand jury's finding that Defendant hit his wife in the face, struck her in the mouth, ripped her ear, kicked her in her body, and caused her a ruptured spleen, broken ribs, broken facial bones, and severe bruising on her body, and two of the dismissed warrants charged Defendant with assault on a female and AISBI based upon probable cause that Defendant hit and punched his wife in the face, struck her in the mouth, ripped her ear, kicked her in her body, and caused her a ruptured spleen, broken ribs, broken facial bones, and severe bruising to her body. Third, the new indictments charging Defendant with ABS are based upon the grand jury's finding that Defendant used his hands to squeeze his wife's throat, and one of the dismissed warrants charged Defendant with ABS for forcibly placing his hands around his wife's neck and squeezing. Finally, the new indictments charging Defendant with child abuse are based upon the grand jury's finding that Defendant committed unspecified "grossly negligent acts in the omission of caring for [his son], show[ing] a reckless disregard for human life and . . . result[ing] in serious mental injury to" his son, and two of the dismissed warrants charged Defendant with assault on a female and assault inflicting serious injury with a minor present for attacking his wife in the presence of his son.[3]

---

[3] While the child-abuse indictments do not specifically allege what the "grossly negligent acts" were, because (1) the child-abuse indictments are based upon purported mental injury to Defendant's son, (2) the dismissed warrants charged Defendant with committing a number of assaults on his wife

The prosecutor's dismissal of the arrest warrants prior to the trial in the Second Prosecution indicates that the prosecutor was at least constructively aware of evidence sufficient to convince a magistrate that there was probable cause to believe that Defendant had engaged in the conduct described therein before the prosecutor took that case to trial. And the State told the trial court that there had been no additional steps taken to develop evidence in the case since the trial in the Second Prosecution ended in 2015:

> THE COURT: 2015. All right. Since that time has there been any additional investigation, interviews of witnesses or anything done in the case, Mr. Mundy or Mr. Newman?
>
> MR. NEWMAN: There has not been, Your Honor. The only thing new is the addition of Dr. Mumpower that we would add at trial in terms of information.

These considerations convince us that Defendant has shown the first *Warren* circumstance, i.e., that "during the first trial the prosecutor was aware of substantial evidence that the defendant had committed the crimes for which he was later indicted[.]" *Warren*, 313 N.C. at 260, 328 S.E.2d at 261 (emphasis omitted).

---

in the presence of his son, (3) Defendant's previous prosecution for attempted first-degree murder was based upon alleged attacks by Defendant on his wife, and (4) as described below, the prosecutor represented at the hearing on Defendant's motion to dismiss that there would be no new non-opinion evidence introduced regarding the child-abuse charges that the State had not previously introduced in support of its attempted first-degree murder prosecution, we conclude that the State's theory of mental injury to Defendant's son must be based upon the child's purported presence at the time of the alleged attacks upon Defendant's wife, which the dismissed warrants described.

Furthermore, the State represented at the hearing on Defendant's motion to dismiss that the State would seek to introduce no new non-opinion evidence to prove the new charges that had not been introduced in support of its attempted first-degree murder prosecution:

> [The] defense has everything that we have. And this goes back to the, you know, time, I guess, in 2014 and '15, thereabouts. And so they have all of the reports. That's what we are going to us[e] again. Of course, the same witnesses. They have examined all of these witnesses. They have seen the documents. The[y] have disks of interviews. There -- I mean, there's a trial transcript. I think they have that. There are [Department of Social Services] documents that were not used at the first trial. I don't think we would use those now, but give some insight to our case here. . . .
>
> So everything that we would present on any of these cases the defense has had and has had [sic] for quite sometime [sic]. But we -- I understand -- but they have the discovery in the case. And we -- I don't think they are going to see or hear anything particularly new from us.

Indeed, as mentioned above, the State told the trial court that "[t]he only thing new is the addition of Dr. Mumpower that we would add at trial in terms of information." The State told the trial court that Mumpower is a psychologist who "examined nothing with respect to the case" and did not prepare an expert report, but that the State wished to put Mumpower on the stand to testify regarding a hypothetical, i.e., to "give him some facts and ask him to — see if he has an opinion on that basis." Pursuant to the State's concession that it only seeks to add unspecified hypothetical

testimony from a witness who knows nothing about the case, we conclude that Defendant has also shown the second *Warren* circumstance, i.e., "that the State's evidence at the second trial would be the same as the evidence presented at the first[.]"[4] *Warren*, 313 N.C. at 260, 328 S.E.2d at 261.

That Defendant has shown both *Warren* circumstances does not end the inquiry, however. In *Warren*, our Supreme Court specifically said that "[a] finding of either or both circumstances would *support but not compel* a determination by the trial court that the prosecutor withheld the additional indictment in order to circumvent the statute." *Id.* (emphasis added). Defendant directs us to no case in which our courts have applied *Warren* to overturn a denial of a motion to dismiss, and we are aware of no such case.

In *Warren* itself, our Supreme Court found that the trial court was not compelled to determine that the prosecutor withheld the indictments there at issue to circumvent Section 926 because, *inter alia*, the State at the hearing on the defendant's motion to dismiss forecast new, "much stronger evidence" of the defendant's guilt on the new charges than was previously available at the time of the

---

[4] A holding that *Warren*'s second circumstance is not shown where the State forecasts unspecified hypothetical opinion testimony from a witness who knows nothing about the case would effectively render that part of *Warren* meaningless, and we cannot make such a holding. *See Andrews v. Haygood*, 188 N.C. App. 244, 248, 655 S.E.2d 440, 443 (2008) ("[T]his Court has no authority to overrule decisions of our Supreme Court and we have the responsibility to follow those decisions until otherwise ordered by our Supreme Court." (quotation marks, ellipsis, brackets, and citation omitted)).

first trial. *Id.* at 263, 328 S.E.2d at 263. *Warren* is therefore distinguishable from this case, where the State has said that no new evidence will be presented besides certain unspecified expert-opinion testimony. And in the lone case we have found that appears to have applied *Warren* in the context of a Section 926 challenge, this Court rejected the defendant's Section 926 argument without analyzing either *Warren* circumstance, and did not provide any other analysis applicable here. *State v. Tew*, 149 N.C. App. 456, 459-60, 561 S.E.2d 327, 330-31 (2002).

We are thus left with no precedent regarding what, beyond the two *Warren* circumstances, a defendant needs to show in order to implicate the *Warren* exception. Accordingly, in our view, because (1) Defendant has shown that both *Warren* circumstances are present, (2) the State has had multiple previous opportunities to join the offenses on which it now seeks to try Defendant, and (3) the State has neither argued that it was somehow unable to try the offenses at an earlier time nor proffered any explanation for why the offenses were not tried along with the earlier charge, we hold that the *Warren* exception should apply.

We therefore conclude that Defendant has made a showing that should have compelled a determination by the trial court that the prosecutor withheld the indictments here at issue in order to circumvent Section 926, and that Defendant is entitled to dismissal of the new charges under Section 926(c)(2), as well.

C.  Double Jeopardy

Because we conclude that Defendant's motion to dismiss should have been granted on both vindictive-prosecution and statutory-joinder grounds, we do not address Defendant's double-jeopardy arguments.

## III.    Conclusion

Because we conclude that Defendant is entitled to a presumption of prosecutorial vindictiveness which the State has failed to overcome and that the charges brought against him should have been joined pursuant to Section 926(c)(2), we reverse the 7 August 2018 order and remand to the trial court with instructions to dismiss the charges against Defendant.

REVERSED AND REMANDED.

Judges BRYANT and YOUNG concur.